645 So.2d 1087 (1994)
Darren RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0117.
District Court of Appeal of Florida, Fourth District.
November 30, 1994.
Rehearing Denied December 27, 1994.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
*1088 PARIENTE, Judge.
Appellant, Darren R. Russell (defendant), appeals from a sentence imposed pursuant to his guilty plea to three counts of robbery and a violation of probation in connection with an earlier, unrelated guilty plea. Because we conclude that the trial court improperly imposed a sentence greater than that contemplated by defendant's plea agreement, based upon a condition which had not been made part of the plea bargain, we reverse.
Defendant entered into a written plea agreement whereby he agreed to plead guilty to the three charges of robbery and admit his violation of probation. In exchange, the state would recommend that defendant was to be sentenced to ten (10) years for each of the three robbery charges and five (5) years for the grand theft, all sentences to run concurrently.
At the plea conference on September 7, 1993, the trial court accepted defendant's guilty plea and imposed sentence pursuant to the terms of the agreement. Following sentencing, defendant requested a seven-day furlough to tend to his ailing relatives. The trial court granted defendant's request, ordering him to return to the court after one week. Thereafter, the following exchange between the prosecutor, defendant, and the trial court took place:
PROSECUTOR: If the Court is going to [grant the furlough] over our objection, I guess there should be some sort of incentive for him to come back. If he doesn't, he gets the same thing.
* * * * * *
THE COURT: What are you suggesting as an incentive?
PROSECUTOR: I'm suggesting if he doesn't return as he is supposed to or if he commits a new crime while he's out, that these terms run consecutive to each other so there would be a total of 30 years, ten followed by ten followed by ten.
THE COURT: Do you still want your furlough?
DEFENDANT: I am okay with that.
THE COURT: These sentences, if you don't show up or if you commit a new crime in the meantime, then instead of being concurrent, they will be consecutive which will be a total of 35 years.
Defendant failed to return on the date scheduled and subsequently committed new substantive offenses, which are not before us.
Defendant reappeared before the trial court on October 7, 1993. The trial court, after being reminded of the exchange which took place following its acceptance of defendant's plea and sentence, resentenced defendant to three ten-year terms for each of the robbery charges and to a five-year term for the violation of probation, all terms running consecutively for a total of 35 years.
Defendant argues that the trial court erred in imposing a sentence greater than that contemplated by the plea agreement, as his return to the court following the furlough was not a condition that had been made part of the negotiated agreement. We agree.
A trial court may not unilaterally impose additional conditions after it has formally accepted the plea agreement without the acquiescence of defendant or defendant's counsel. Payne v. State, 624 So.2d 815 (Fla. 4th DCA 1993); Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987). Additional conditions may be imposed as a valid modification of the plea agreement, however, only if ratified by defendant's clear and unequivocal understanding and acceptance of its terms. Fambro v. State, 581 So.2d 199 (Fla. 4th DCA 1991), citing Quarterman v. State, 527 So.2d 1380 (Fla. 1988).
Although the state argues that defendant agreed to the enhanced sentence if he failed to return following his furlough, we do not find the colloquy between defendant, the prosecutor and the court to be sufficient to demonstrate clear and unequivocal assent to an additional condition. See Payne; compare Fambro, 581 So.2d at 200-01. Furthermore, both the trial court and the prosecutor acknowledged that defendant's appearance following his furlough had never been incorporated as a condition to plea agreement. See Payne, 624 So.2d at 816-17.
Since defendant's return following the seven-day furlough was not a condition in the *1089 negotiated plea agreement, nor a valid modification thereto, the trial court was not permitted to impose a sentence in excess of that contemplated by the plea agreement, which it had already formally accepted. We, therefore, reverse and remand to the trial court with directions to allow defendant the opportunity to withdraw his plea.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN and KLEIN, JJ., concur.