HARRIS, Judge.
Shane Steven Hand pled nolo to violating probation in two cases under an agreement in which the State promised to recommend concurrent one-year terms of community control to be followed by two years probation. The court accepted the pleas but indicated that it would have to get an updated presentence investigation report. The court cautioned Hand that, “You get in any trouble while you’re awaiting sentence, I’m going to send you to the Florida State Prison.” Hand, throwing caution to the winds, pled to additional offenses of aggravated battery and burglary of a conveyance committed while he was awaiting sentence. The court sentenced him to concurrent three-year sentences on the previous violation cases and to forty-five-month sentences on the new offenses which were concurrent with one another, but consecutive to the VOP sentences. Hand complains on appeal that the court did not honor the State’s agreement on the probation pleas and that he should be permitted to withdraw his pleas. We disagree and affirm.
In Goins v. State, 672 So.2d 30, 31 (Fla.1996), the supreme court discussed the right of defendants to withdraw pleas when they are unhappy with the result of a negotiated plea:
There are many varieties of plea agreements. Negotiations often take place only between the state and the defendant, although in some instances the trial judge participates in the negotiations. Even though the plea has been accepted and regardless of whether the judge participated in the negotiations, the judge is never bound to honor the agreement. [Citations omitted.] However, when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea. [Citation and footnote omitted.] On the other hand, if the agreement only calls for the state to recommend a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot ■withdraw the plea if a greater sentence is imposed so long as the state carries out its promise.
There is nothing in the record that suggests that the court agreed to abide by the negotiated sentence. In fact, the court advised Hand that it would have to review an updated presentence investigation report. Further, the court told Hand that it certainly would not honor the agreement if Hand committed any additional offenses pending sentence. Hand does not contend that the State did not honor its promise. ' We see no reason to relieve Hand from the consequence of his plea.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.