693 So.2d 1072 (1997)
Tony L. ROYE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1038.
District Court of Appeal of Florida, Fifth District.
May 16, 1997.
David S. Morgan, Law Offices of Damore & Morgan, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
*1073 COBB, Judge.
Pursuant to an unwritten plea agreement with the State, the defendant Roye agreed to plead guilty to a number of charges contained in different informations. The State agreed to nolle prosequi several charges.[1] The prosecutor then explained the plea agreement to the court:
MR. WARREN [PROSECUTOR]: The net effect of all of this, Your Honor, is two sale charges, second degree felonies; seven possession of cocaine, third degree felonies; and one battery charge, for a total of a potential 66 years in the Florida state prison, maximum sentence in this case.
There is going to be a stipulation by the state and the defense that Mr. Roye is a habitual felony offender. However, the plea bargain in this case is that he be sentenced to the guidelines, which we have scored out to round off to 48 months Florida state prison, plus or minus 25 percent by the Court, followed by ten years probation.

If he violates during his probationary term in any way, he is subject to a potential maximum sentence by this [sic] of 130 years state prison, no guidelines apply. And the Court could sentence him to the full 130 years.
THE COURT: Both the state and the defense are asking the Court to accept this agreement?
MR. EDDINGTON [Defense Counsel]: That's correct, Your Honor.
THE COURT: Is the state asking me to accept his plea?
MR. WARREN: The state does ask you to accept that.
(emphasis provided)
The trial court accepted the pleas and deferred sentencing until January 19, 1996, pending receipt of a presentence investigation report.
On January 19, 1996, the defendant, who had been free on bond, sought and obtained a continuance of sentencing to March 12, 1996. Before this sentencing date, the defendant was charged with committing two new drug offenses. The State moved to revoke bond and a hearing on this motion was held on March 8, 1996.
At this hearing, the State referenced what it called its agreement to recommend a sentence which it asserted had, as part of the State's consent to continuation of the original sentencing date, been modified off the record so as to give the State the right to withdraw its recommendation in the event the defendant "gets in trouble" prior to sentencing. Defense counsel concurred with the prosecutor's recitation but the trial court was apparently confused and sought clarification:
THE COURT: There's one thing I want to say. Reading this presentence investigation, it very clearly states, "Plea agreement: The defendant has agreed to a negotiated agreement of forty-eight months' incarceration, ten years' probation. And he's further agreed to be charged as a habitual offender."
And the sentence has been agreed upon by the State; is that correct?

*1074 MR. WARREN: That was what I recommended on the date that he entered the plea, yes, sir. Absolutely.
THE COURT: Now, someone in the State Attorney's Office has spread it abroad that this defendant is subject to a hundred and twenty years' incarceration as a habitual offender.
MR. WARREN: Maximum under the law, I believe, is whathe would be. And it was stated on the record when he entered the plea that you have to tell him.
THE COURT: But this agreement is ten years.
MR. WARREN: Probation, yes, sir.
THE COURT: And four years in jail. No hundred and twenty years in prison.
MR. WARREN: The maximum exposure is a hundred and twenty years.
THE COURT: Mr. Warren, in the face of this agreement, there is no exposure to a hundred and twenty years at all, I don't believe.
MR. WARREN: Your Honor, I think this record saysthe record that Mr. Eddington stated when he entered the plea was that as a habitual offender he faces up to a hundred and twenty years in state prison, and the State is recommending four, with his stipulation that he is a habitual offender.
MR. EDDINGTON: That was mentioned, Your Honor. Whether it's actually on the record is a different story. I'm not certain.
MR. WARREN: I believe it is on the record.
MR. EDDINGTON: I'm not certain.
THE COURT: This presentence investigation says in no uncertain terms, Sentence agreed upon: Four years, plus ten years.
MR. WARREN: Yes, sir.
MR. EDDINGTON: The contents of the of the document are correct, yes, Your Honor.
THE COURT: And was this plea entered in the expectation that that's the sentence he was going to get?
MR. EDDINGTON: At the time, Your Honor, yes.
MR. WARREN: I think you also stated on the record it was not binding upon you.
THE COURT: Well, all I know is that there ought to be some level of consistency, as I said, between what's agreed to in here and what is told outside concerning a hundred and twenty years.
MR. EDDINGTON: Judge, I think there's been a lot of attention from outside sources here, which isn't necessarily merited, and it unfortunately affects the proceedings in the court. And that's not particularly good for anyone involved here.
MR. WARREN: For the record, I did not talk to any reporters.
THE COURT: Mr. Cotter did.
MR. WARREN: Uh-huh.
THE COURT: And he hadn't read the files when he did it, or he might have known it was an agreed sentence here.

(emphasis provided)
Sentencing occurred on March 12, 1996. The prosecutor announced that given the defendant's most recent legal problems, the State would recommend a harsher sanction than that referenced by the plea agreement. Defense counsel asked the court to abide by the "stipulated sentence" of four years imprisonment followed by ten years probation.
The trial court sentenced the defendant as an habitual felony offender to consecutive terms of imprisonment totalling 120 years. The defendant asserts that the court erred in sentencing him outside the terms of the plea agreement without first affording him an opportunity to withdraw his guilty pleas. We agree and reverse.
In Goins v. State, 672 So.2d 30 (Fla.1996), the supreme court recognized that plea agreements may consist of a firm agreement for a specified sentence or may only call for the state to recommend a particular sentence. Under the first type, if the judge elects, as the judge may, to impose a greater sentence than contemplated by the agreement, the defendant has the right to withdraw the plea. Under the second type, the defendant cannot withdraw his plea if a greater sentence is imposed so long as the state lives up to its promise.
In the instant case, the initial agreement was not simply an agreement by the State to *1075 recommend a particular sentence but rather called for imposition of a specific sentence of 48 months imprisonment (plus or minus 25 percent as determined by the court) followed by ten years probation. Cf. Hand v. State, 691 So.2d 572 (Fla. 5th DCA 1997) (defendant who was sentenced to state prison could not withdraw plea where State promised to recommend non-prison sentence; court informed defendant that if he got into trouble he could be sent to prison, and defendant committed crimes while awaiting sentencing). The State argues that this plea agreement was subsequently modified to consist of merely a State agreement to recommend a particular sentence which recommendation could be withdrawn if the defendant got into trouble before the sentencing hearing. The State asserts that the defendant was sentenced in accordance with this modified agreement.
While ordinarily conditions to a plea agreement added after formal acceptance of the plea are not part of the plea agreement, see Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986), additional conditions may constitute a valid modification of the plea agreement where ratified by the defendant's clear and unequivocal understanding and acceptance of said terms. See, e.g., Fambro v. State, 581 So.2d 199 (Fla. 4th DCA) rev. denied, 591 So.2d 181 (Fla.1991). The record here does not reflect the defendant's clear and unequivocal understanding of and acceptance of the dramatic change in the nature of the plea agreement. When the trial court elected to impose a sentence in excess of that to which the parties had agreed at the plea hearing, the defendant should have been permitted the opportunity to withdraw his plea and go to trial on all of the charges, including those which were reduced or nolle prosequied. Goins. See also Booker v. State, 693 So.2d 73 (Fla. 5th DCA 1997).
REVERSED AND REMANDED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] The plea agreement, as announced in open court provided that the defendant would plead as follows:

Case No. 93-35459guilty as charged to possession of cocaine, misdemeanor possession of drug paraphernalia nol prossed;
Case No. 94-33103guilty as charged to two counts of possession of cocaine, misdemeanor possession of drug paraphernalia nol prossed;
Case No. 95-33732guilty as charged to possession of cocaine;
Case No. 94-33761guilty to battery as a lesser included offense of charge of aggravated battery;
Case No. 95-30325guilty as charged to possession of cocaine, nol pros misdemeanor possession of cannabis and possession of drug paraphernalia;
Case No. 95-30434guilty as charged to sale and delivery of cocaine;
Case No. 95-30435guilty to reduced charge of possession of cocaine (reduced from sale of cocaine);
Case No. 95-30436guilty to reduced charge of possession of cocaine (reduced from sale of cocaine);
Case No. 95-30529guilty as charged to possession of cocaine;
Case No. 95-33963guilty to possession of cocaine, misdemeanor possession of cannabis and possession of drug paraphernalia nol prossed.