821 So.2d 1267 (2002)
Lovell WILLIAMS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4862.
District Court of Appeal of Florida, Second District.
August 2, 2002.
*1268 James Marion Moorman, Public Defender, and Richard P. Albertine Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Lovell Williams, Jr., challenges the sentences imposed after he pleaded nolo contendere to various criminal offenses. Williams asserts that the trial court should have granted his motion to withdraw plea, or alternatively, the trial court should have sentenced him to concurrent sentences of 34.2 months in prison in accordance with his plea agreement. We affirm.
Williams, facing fifteen various criminal charges, pleaded nolo contendere to all charges in exchange for concurrent sentences of 34.2 months in prison. Williams asked the trial court to allow him to remain at liberty until his sentencing hearing on September 1, 2000, at 8:30 a.m. The trial court granted this request but warned Williams that it would not be bound to the agreed-upon sentence if Williams failed to appear. The written plea agreement reflected this understanding. Williams arrived one hour and fifteen minutes late to his sentencing hearing and was taken into custody. Prior to his new sentencing hearing, Williams filed a motion to withdraw plea alleging that his plea was involuntarily entered. At the sentencing hearing, Williams argued that he had changed his mind concerning his plea and wanted to assert his innocence on several of his charges. The trial court denied the motion. Because Williams failed to appear at his original sentencing hearing, the trial court decided not to impose the concurrent sentences of 34.2 months and instead sentenced Williams to concurrent sentences of five years in prison for his third-degree felony charges and ten years in prison for his second-degree felony charges.
More than thirty days after his sentence was rendered, Williams filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) arguing that the trial court improperly exceeded the sentence authorized in the plea agreement and improperly imposed discretionary costs. The trial court granted Williams's claim concerning the imposition of discretionary costs which is not an issue in this appeal. The trial court, however, denied his request to be resentenced to concurrent sentences of 34.2 months in prison.
Williams asserts that the trial court erred in denying his motion to withdraw his plea based on the voluntary nature of his plea. However, the record reflects that Williams failed to offer any proof at the sentencing hearing showing that his plea was involuntary. Because Williams failed to demonstrate good cause for the withdrawal of his plea, the trial court did not abuse its discretion in denying Williams's motion. See Washington v. State, 731 So.2d 85 (Fla. 2d DCA 1999).
Williams next asserts that the trial court erred in imposing a sentence which exceeded the sentence specified in the plea agreement. We do not address the merits of Williams's claim because he failed to raise this specific issue in a timely filed motion to withdraw plea. An issue concerning a sentence which exceeds the terms authorized in a plea agreement is not a sentencing error, but instead is a violation of the plea agreement which must be raised through a motion to withdraw *1269 plea. Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001) (holding that after the adoption of Florida Rule of Criminal Procedure 3.170(l), an issue concerning a sentence which exceeds the terms of a plea agreement is no longer considered a sentencing error but instead is a violation of the plea agreement which must be raised through a timely filed motion to withdraw plea). Even if we were to consider Williams's motion to correct sentencing error to be a motion to withdraw plea, Williams's motion was untimely because it was filed more than thirty days after the rendition of his sentence. See Fla. R.Crim. P. 3.170(l) (allowing thirty days after the rendition of the sentence to file a motion to withdraw plea). Accordingly, we affirm without prejudice to any right Williams may have to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising the violation of plea agreement issue.
We note that this case illustrates a problem which has occurred often in this court. Florida Rule of Criminal Procedure 3.170(l) allows thirty days after the rendition of the sentence for a defendant to file a motion to withdraw plea based on the reasons set forth in Florida Rule of Appellate Procedure 9.140(b)(2)(A). Rule 9.140(b)(2)(A) provides that a defendant who has pleaded guilty or nolo contendere must file a timely motion to withdraw plea in order to preserve a claim that the sentence imposed was in violation of the plea agreement or that the plea itself was involuntary. Often a defendant will seek to challenge his plea on direct appeal but fail to preserve the issue for appellate review by filing a timely motion to withdraw plea.
These circumstances are similar to the problems which occurred prior to the supreme court's amendment of Florida Rule of Criminal Procedure 3.800(b) governing motions to correct sentencing errors. The prior version of rule 3.800(b) allowed thirty days for a defendant to raise unpreserved sentencing errors in the trial court thereby preserving the errors for direct appeal. The supreme court, however, recognized that the thirty-day time limit was not sufficient to allow appellate attorneys the opportunity to identify and preserve potential sentencing errors. The supreme court amended rule 3.800(b) by expanding the thirty-day time limit to allow appellate counsel the ability to file a motion to correct sentencing error up until the time of filing the initial brief. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015, 1017 (Fla.1999), reh'g granted, 761 So.2d at 1025 (Fla.2000). This change provided appellate counsel with a greater opportunity to identify sentencing errors that might have occurred at sentencing and a method to correct those errors and preserve them for appellate review.
We believe the thirty-day time limit in rule 3.170(l) suffers from some of the same shortcomings which led to the amendment of rule 3.800(b).[1] Additionally, we do not believe that the remedy of filing a pro se postconviction motion for relief promotes judicial economy or presents the issue to the trial court at the earliest opportunity. We invite the Florida Bar Criminal Procedure Rules Committee to consider whether an expansion of the time for filing a motion to withdraw plea when an appeal is taken from a sentence would more effectively *1270 promote judicial economy and facilitate the preservation of these issues for appellate review.
Affirmed.
GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] Although the basis for the withdrawal of a plea is more limited than that for a motion to correct sentencing error, we believe some of the difficulties the supreme court noted in adopting the amendments to rule 3.800(b) are present for defendants who may seek to withdraw their plea. See Amendments, 761 So.2d at 1017.