857 So.2d 355 (2003)
John ANGULO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-414.
District Court of Appeal of Florida, Fifth District.
October 24, 2003.
J. Melanie Slaughter, Ocala, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
*356 ORFINGER, J.
After being arrested and charged with six felonies and one misdemeanor, John Angulo pled guilty to the charges pursuant to an agreement that called for Angulo to be sentenced as a youthful offender if he provided substantial assistance to the Marion County Sheriff's Department. The plea agreement further provided that if Angulo failed to provide substantial assistance or otherwise violated the terms of his release pending sentencing, his sentence would be determined solely at the court's discretion. After concluding that Angulo had not provided substantial assistance to law enforcement, the trial court declined to sentence him as a youthful offender, but, instead, sentenced him to seven years in prison. Angulo now appeals, contending that his plea agreement was violated when the trial court failed to sentence him as a youthful offender. We disagree and affirm.
Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) provides that appeals from guilty pleas and pleas of nolo contendere may only be taken as follows:
A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a) the lower tribunal's lack of subject matter jurisdiction;
b) a violation of the plea agreement, if preserved by a motion to withdraw plea;
c) an involuntary plea, if preserved by a motion to withdraw plea;
d) a sentencing error, if preserved; or
e) as otherwise provided by law.
(emphasis added). As evidenced by the rule, issues regarding the violation of a plea agreement or the involuntariness of the plea must be preserved by a motion to withdraw the plea. State v. T.G., 800 So.2d 204, 210 (Fla.2001); Robinson v. State, 373 So.2d 898 (Fla.1979). No motion to withdraw the plea was made in this case. Because the issue was not preserved, we cannot consider it on appeal.
Irrespective of the procedural impediment to the relief sought by Angulo, on the merits, he comes up short as well. The court made a specific finding that he did not provide substantial assistance as agreed upon. Angulo has not challenged that finding. As a result, because Angulo violated the plea agreement, he was, therefore, properly sentenced at the discretion of the court.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.