873 So.2d 1248 (2004)
Tyrone A. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2461.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*1249 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Williams appeals claiming the trial court erred with respect to accepting his guilty plea to the crimes of battery and possession of cocaine and in sentencing him to five years imprisonment on the possession charge. He argues that a proper plea colloquy was not conducted, that no factual basis for the plea was offered and that the court erred in sentencing him to five years imprisonment. Williams has not moved to withdraw his plea.[1]
Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) provides that appeals from guilty pleas and pleas of nolo contendere may only be taken as follows:
A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a) the lower tribunal's lack of subject matter jurisdiction;
b) a violation of the plea agreement, if preserved by a motion to withdraw plea;

c) an involuntary plea, if preserved by a motion to withdraw plea;

d) a sentencing error, if preserved; or
e) as otherwise provided by law.
(emphasis added).
Issues regarding an inadequate plea colloquy, the violation of a plea agreement or the involuntariness of the plea must be raised by a motion to withdraw the plea. State v. T.G., 800 So.2d 204, 210 (Fla.2001); Robinson v. State, 373 So.2d 898 (Fla.1979); Angulo v. State, 857 So.2d 355 (Fla. 5th DCA 2003).
Likewise, an issue concerning a sentence which exceeds the terms contained in a plea agreement is not a sentencing error but instead is a violation of the plea agreement which must be raised through a motion to withdraw. Williams v. State, 821 So.2d 1267 (Fla. 2d DCA 2002); Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001) (both holding that after adoption of 1997 amendments to Florida Rule of Criminal Procedure 3.170(l), an issue concerning a sentence which exceeds the terms of a plea agreement is no longer considered a sentencing error but instead is a violation of the plea *1250 agreement which must be raised through a timely filed motion to withdraw plea).
The issues sought to be raised have not been properly preserved for review. We affirm without prejudice to the filing of a motion to withdraw plea in the trial court. See Leonard v. State, 760 So.2d 114 (Fla. 2000).
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The defendant did file a motion to reconsider sentence, but the order denying such motion is not an appealable order. See Wilson v. State, 846 So.2d 1220 (Fla. 5th DCA 2003).