919 So.2d 669 (2006)
Lucius TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-193.
District Court of Appeal of Florida, Second District.
January 27, 2006.
*670 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Lucius Taylor challenges his sentences for possession of cocaine and possession of cannabis with intent to sell. We reverse and remand.
On August 30, 2004, Taylor entered a negotiated guilty plea to the charges, in exchange for which the State dropped a possession of paraphernalia charge and agreed to a sentence of three years' probation and a cap of nine months in the county jail. After conducting a plea colloquy, the trial court conditionally accepted Taylor's plea subject to a review of the presentence investigation. Sentencing was then set for October 28, 2004.
At that sentencing hearing, both Taylor and the State were represented by attorneys who were not present at the plea hearing. Taylor's substitute counsel informed the court that Taylor's case "appear[ed] to be a straight up plea," and the assistant state attorney argued that supervision would be inappropriate based on Taylor's prior record. The trial court then sentenced Taylor to two concurrent five-year prison terms.
On appeal, Taylor argues that his sentences are illegal because they exceed his plea agreement. Taylor attempted to preserve this issue in a timely filed Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. The trial court, however, denied that motion, noting that pursuant to Florida Rule of Appellate Procedure 9.140, such a claim should be raised in a rule 3.170(l) motion to withdraw plea.
Taylor now urges this court to follow the reasoning of Barber v. State, 901 So.2d 364 (Fla. 5th DCA 2005), in which, under similar circumstances, the Fifth District reversed because it found ineffectiveness on the face of the record. We are persuaded by this argument.
First we note that the trial court was correct in concluding that Taylor's claim that his sentence exceeded the plea agreement should have been raised in a motion to withdraw plea. See Williams v. State, 821 So.2d 1267, 1268-69 (Fla. 2d DCA 2002) ("An issue concerning a sentence which exceeds the terms authorized in a plea agreement is not a sentencing error, but instead is a violation of the plea agreement which must be raised through a motion to withdraw plea."). Because Taylor has failed to file such a motion here, we do not have jurisdiction to address the merits of the claim. See id.; see also Fla. R.App. P. 9.140(b)(2)(A). Furthermore, even if we were to treat Taylor's rule 3.800(b)(2) motion as a motion to withdraw plea, it would be untimely. See Williams, 821 So.2d at 1269.
However, "[i]f the record on its face reflects the merit of a claim of ineffective assistance of trial counsel, then we *671 may consider this issue on direct appeal." Barber, 901 So.2d at 366. We conclude that trial counsel's assertion at the sentencing hearing that Taylor had entered a "straight up" plea when Taylor had a negotiated plea in place amounts to ineffectiveness on the face of the record. It certainly cannot be said that counsel's assertion was a matter of strategy. Furthermore, Taylor has been obviously prejudiced by this ineffectiveness as he is currently in state prison instead of having already finished a nine-month county jail sentence. As such, both prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are satisfied.
We are confident that Taylor would be granted relief if we were to affirm without prejudice to him filing a rule 3.850 motion. Therefore, in the interest of judicial economy, we reverse and remand to allow Taylor to withdraw his plea.
Reversed and remanded.
STRINGER and WALLACE, JJ., concur.