STRINGER, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Gary Lewis challenges his sentence of twenty months in prison for possession of cocaine. Although the trial court violated the terms of Lewis’s plea agreement when it sentenced him, we affirm because Lewis did not preserve this issue for review.
The State charged Lewis with one count of possession of cocaine. Lewis and the State subsequently entered into a negotiated plea agreement under which Lewis pleaded no contest to the charge in exchange for an agreed sentence of 16.25 months in prison. At the change of plea hearing on January 10, 2006, Lewis requested that his sentencing be deferred because of some medical issues he was facing. The trial court agreed to defer sentencing until May 1, 2006; however, the trial court specifically conditioned its acceptance of the plea agreement on Lewis’s appearance at the sentencing hearing on May 1 with no new arrests or charges. The trial court advised Lewis that if he did not appear for sentencing on May 1 or if he appeared with new arrests or charges, Lewis’s plea would stand but the trial court would not be bound by the agreed sentence. Lewis stated that he understood, and he specifically agreed to this *802 condition. The trial court then accepted Lewis’s plea subject to this condition and set sentencing for May 1.
On May 1, Lewis appeared for sentencing with no new arrests or charges. However, at that hearing, Lewis again requested that sentencing be deferred for medical reasons. The trial court agreed to this request and deferred sentencing to May 31, 2006. The trial court again warned Lewis that if he did not appear on May 31 or if he appeared with new arrests or charges, the sentence portion of the plea agreement would not be honored. Lewis stated that he understood.
During the May 1 hearing, the trial court also ordered Lewis to undergo two drug tests before the May 31 hearing. However, the trial court did not advise Lewis that this was a new condition of his plea agreement, did not ask whether Lewis understood that this was a new condition of his plea agreement, and did not instruct Lewis that the sentence portion of his plea agreement would not be honored if he did not undergo the drug tests. Moreover, the trial court did not condition the continuance of the sentencing hearing on Lewis undergoing the drug tests. Instead, the trial court simply instructed Lewis that he had to undergo the tests, to which Lewis responded, “Okay.”
On May 31, Lewis appeared for sentencing with no new arrests or charges but without having undergone the two drug tests. The trial court told Lewis-that it would not honor the sentence portion of the plea agreement because Lewis had not completed the drug tests, and it sentenced Lewis to twenty months in prison. Lewis did not object to this sentence at the sentencing hearing, did not seek to withdraw his plea at the sentencing hearing, and did not file a motion.to withdraw his plea after sentencing. Lewis simply brought this appeal.
When faced with a negotiated plea agreement, a trial court “may not unilaterally .impose additional conditions after it has formally accepted the plea agreement without the acquiescence of defendant or defendant’s counsel.” Russell v. State, 645 So.2d 1087, 1088 (Fla. 4th DCA 1994); see also Roye v. State, 693 So.2d 1072, 1075 (Fla. 5th DCA 1997). Instead, additional conditions may be imposed as a modification of the plea agreement only if those conditions have been clearly and unequivocally understood by and agreed to by the defendant. Roye, 693 So.2d at 1075; Russell, 645 So.2d at 1088. If the defendant does not agree to the additional conditions imposed by the trial court, the defendant has the right to withdraw his plea. Russell, 645 So.2d at 1088-89.
In this case, the requirement that Lewis undergo two drug tests between May 1 and May 31 was not part of Lewis’s plea agreement and was not a condition of the trial court’s initial acceptance of Lewis’s plea agreement. Instead, it was an additional condition unilaterally imposed by the trial court almost four months after it had formally accepted Lewis’s plea. Nothing in the record shows that either Lewis or his counsel understood that the drug tests were a new condition of the plea agreement or that either of them agreed to the imposition of this additional condition. Accordingly, this additional condition did not become part of Lewis’s plea agreement, and the. trial court could not rely on an alleged violation of this condition to impose a sentence in excess of the 16.25 months set forth in the negotiated plea agreement. The trial court’s decision to impose a greater sentence violated Lewis’s plea agreement.
That said, however, Lewis did not preserve this issue for review by seeking *803 to withdraw his plea. As a general proposition, a defendant who pleads guilty or no contest may appeal the violation of a plea agreement only if that violation is preserved by a motion to withdraw the plea. See Fla. R.App. P. 9.140(b)(2)(A)(ii)(b). Because Lewis did not preserve this error, we are powerless to correct it. Accordingly, we affirm.
Affirmed.
NORTHCUTT and VILLANTI, JJ„ Concur.