974 So.2d 582 (2008)
Floyd Lucas WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-282.
District Court of Appeal of Florida, Second District.
February 20, 2008.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Floyd Lucas Williamson challenges his judgments and sentences for robbery and possession of cocaine solely because the sentencing judge was not aware of his existing written plea bargain which had been accepted by another judge. The sentencing judge, after rejecting a downward departure, imposed a sentence in excess of the written plea agreement. Williamson's counsel did not file a motion to withdraw plea prior to filing the notice of appeal. Williamson now contends, and the State *583 concedes, that Taylor v. State, 919 So.2d 669 (Fla. 2d DCA 2006), should control this issue[1] and that Williamson should be entitled to have an opportunity to withdraw his plea. However, despite this concession, if there was error, it is not remediable in this direct appeal. Under the unusual facts of this case and for the reasons stated below, we conclude that the only remedy legally available for Williamson's problem is to affirm without prejudice to Williamson filing for relief under Florida Rule of Criminal Procedure 3.850.
Williamson was charged with robbery with a knife, possession of drug paraphernalia, possession of cocaine, and driving with a suspended or revoked license. These charges arose from events occurring on March 21 and July 6, 2006. On October 24, 2006, Circuit Judge Linda Babb, the State, defense counsel, and Williamson entered into plea negotiations relating to these charges. In exchange for Williamson pleading no contest to the charges, Judge Babb agreed to cap his sentence at fifty-eight months, the lowest permissible sentence under the Criminal Punishment Code, and also to consider a possible downward departure at a sentencing hearing which was scheduled for November 8, 2006.
However, after the plea hearing but prior to sentencing, Judge Babb recused herself, and the case was reassigned to Judge Wayne L. Cobb. At the subsequent sentencing hearing on November 8, 2006, neither Williamson's defense counsel nor the State advised Judge Cobb of the plea agreement or the sentencing cap to which Judge Babb had agreed. In fact, Williamson's defense counsel did not object when the State represented to Judge Cobb that Williamson's sentence could range from 56.25 months "up to life." As a result, Judge Cobb imposed a sentence apparently without any knowledge of the plea bargain. Judge Cobb sentenced Williamson to consecutive sentences totaling ten years in prisoneight years in prison for the robbery count and two years in prison for the cocaine possession count.[2]
The complexity in analyzing this case arises from the possible remedies posed by the parties: both sides agree error occurred, but each side suggests a different cure. Williamson's suggested cure is to have us reverse the judgment and sentence while specifically giving the trial court the option of imposing the agreed sentence on remand as permitted by Echeverria v. State, 949 So.2d 331, 334 (Fla. 1st DCA 2007). Williamson recognizes that if the hoped-for sentence is not imposed, then he is limited to either going to trial or renegotiating a new plea deal. The State posits Williamson's suggested remedy is more limitedWilliamson may either go to trial or enter into new plea negotiations, but he may not seek to enforce the prior plea agreement.
Both sides recognize that the trial court is not bound by any plea agreement. See Rollman v. State, 887 So.2d 1233 (Fla. 2004). Further, there is no assurance that *584 the State will agree to reinstate the plea offer. See Bass v. State, 932 So.2d 1170 (Fla. 2d DCA 2006). Consequently, we discern no practical differences in either suggested cure. It is thus not necessary for us to decide which position should prevail, and based upon our holding, this has no bearing on the ultimate outcome.
Regardless, the problem with either suggested cure is that, even if different, neither is legally available. Both "suggestions arise from the same mistaken belief that under the undisputed facts, the failure of counsel below to notify the sentencing judge of the plea agreement constitutes ineffective assistance of counsel apparent on the face of the record. While it is also true that trial counsel filed an appeal before filing a motion to withdraw Williamson's plea, this omission is also not per se ineffectiveness of counsel on the face of the record. An evidentiary hearing would be necessary to determine, for example, if either omission flowed from Williamson's consent after conferring with his counsel. Because the sentencing court was not bound to honor the plea agreement even if it were so informed and because Williamson's sentence could have included life if convicted, it is plausible that, after conferring with counsel, Williamson strategically elected not to file a motion to withdraw his plea.[3] For this reason, we are unable to grant relief in this direct appeal, even with the State's concession that Taylor controls this case.
Moreover, we disagree with the contention that Taylor controls the outcome here. Unlike here, the defendant in Taylor was only charged with two third-degree felony drug possession counts, and by the time his appeal was decided, he had served the nine months his plea bargain called for and he was likely very close to completing, depending upon any time served credit, its ensuing three-year probationary portion. In addition, before filing his notice of appeal, Taylor sought relief under rule 3.800(b)(2), which was properly denied, but this motion essentially raised the same grounds that would have supported a motion to withdraw his plea. Under these facts, we held that counsel's failure to inform the sentencing judge of the existence and terms of the plea agreement constituted ineffectiveness on the face of the record because it could not plausibly be a "matter of strategy." 919 So.2d at 671. Here, we cannot determine from the record whether strategy may have come into play.
In addition, the Taylor opinion contains no facts indicating that Taylor could realistically be exposed to a greater sentence on remand. Although that prospect may have been legally possible since Taylor's five-year sentence was concurrent with each count, it was extremely unlikely, if not impermissible, that Taylor would have received a longer sentence. Rather, it was apparent that by the time his conviction and sentence were reversed and remanded, the only significant risk Taylor faced was that his sentence would have been fully served before he had the chance to withdraw his plea. Therefore, the Taylor court, based on "judicial economy" and expediency considerations, implicitly held that an evidentiary hearing would not be necessary to prove Taylor's claim of ineffectiveness as there was no risk in withdrawing his plea. Id. at 671. The same simply cannot be said here.
Specifically, in response to Williamson's counsel's opinion that Williamson "could *585 have pled to bottom of the guidelines at arraignment and gotten that[,]"[4] Judge Cobb went on the record to recite significant facts that justified the sentence he imposed. It is clear that he regarded the robbery offense as a crime requiring a sentence longer than one near the bottom of the guidelines. Williamson was facing sentencing on a first-degree felony punishable by life, a third-degree felony, and two misdemeanors. On his scoresheet, he had twenty prior misdemeanors and eight prior feloniesincluding another robbery and a burglary.
Thus, even if Williamson had filed a timely motion to withdraw his plea under rule 3.170(l), there is no guarantee that he would have ended up with an outcome more favorable than the ten-year sentence he received. We also note that the same could be said if Williamson seeks to withdraw his plea as part of a rule 3.850 claim following remand; i.e., his cure could be worse than the ailment of which he complains. We therefore caution Williamson to consult with counsel before pursuing such relief.[5]
Therefore, for the reasons noted, we find no legal authority or fact established on the face of the record that would allow Williamson relief in this appeal. We note that nothing in this opinion should hamper the parties from entering into future plea negotiations with the trial court if Williamson elects to file a rule 3.850 motion. However, as we have explained, because the trial court has broad discretion at sentencing, a lawful sentence could include the terms of the original plea agreement, a better sentence, or a worse sentence.
Affirmed.
ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] We note that the parties' reading of this court's opinion in Taylor was not unreasonable, and were it not for distinguishing factors in this appeal, we might be compelled, to some extent, to recede en banc.

We can also appreciate that the State is willing to concede error because it is highly likely that Williamson would be entitled to relief if he files a motion for postconviction relief pursuant to rule 3.850 at any time during the subsequent two years. If a trial must occur in this case, the State understandably would prefer to try the case before the memories of witnesses fade.
[2] Williamson was also sentenced to time served on the other two offensespossession of paraphernalia and driving while license suspended or revoked.
[3] We also note the obvious: the manner in which Williamson frames the issue on appeal does not otherwise dispense with the need, based upon these facts, for an evidentiary hearing to determine ineffectiveness of counsel below.
[4] We note that even though this claim was coincidentally similar to the plea agreement, it did not inform the sentencing judge that a plea agreement was actually entered into and approved by. Judge Babb, which is at the heart of Williamson's complaint.
[5] Absent such advice being available beforehand, if Williamson files a rule 3.850 motion, due to the complexity of this matter, it is likely counsel will have to be appointed by the trial court to advise him of the risk of going forward.