981 So.2d 561 (2008)
Jose M. GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2385.
District Court of Appeal of Florida, Third District.
May 7, 2008.
Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
*562 Bill McCollum, Attorney General, Nicholas Merlin, Assistant Attorney General, for appellee.
Before GREEN, WELLS, and CORTIÑAS, JJ.
PER CURIAM.
Jose M. Garcia appeals his sentence imposed on revocation of probation. Garcia asserts that the court erred in sentencing him to five years in prison, after having agreed to sentence him to three years. Because the record demonstrates that the court did so agree, we reverse and remand for further proceedings.
As the state properly represents in its brief, when the court imposes a greater sentence than that in an accepted plea agreement, the defendant is entitled to withdraw his plea. State v. Warner, 762 So.2d 507 (Fla.2000); Goins v. State, 672 So.2d 30 (Fla.1996); Williams v. State, 958 So.2d 529 (Fla. 4th DCA 2007); Taylor v. State, 919 So.2d 669 (Fla. 2d DCA 2006); Roye v. State, 693 So.2d 1072 (Fla. 5th DCA 1997). As that is precisely what occurred in this case, on remand, the defendant shall be allowed to withdraw his plea and proceed with this cause.[1]
Reversed and remanded with instructions.
NOTES
[1] We are not unmindful that the proper vehicle to challenge the sentence in this case is by motion to withdraw plea. Taylor v. State, 919 So.2d 669 (Fla. 2d DCA 2006); see Balkaran v. State, 950 So.2d 478 (Fla. 4th DCA 2007). However, the record here demonstrates "the merit of a claim of ineffective assistance of trial counsel, then we may consider this issue on direct appeal." Taylor, 919 So.2d at 670-71. Therefore, in the interest of judicial economy, we reverse and allow defendant to withdraw his plea. Id. at 671.