SHEPHERD, J.
 

 After pleading guilty to second-degree murder in the cold-blooded execution of her ex-husband while he slept, Gloria Fierro appeals the life sentence thereafter imposed upon her on the ground the State breached a purported oral agreement “to refrain from recommending a sentence greater than 25 years.” Because the defense failed to assert the alleged error either at the sentencing hearing or within thirty days of rendition of the sentence pursuant to Florida Rule of Criminal Procedure 3.170(J)i we conclude the alleged error is not cognizable on direct appeal.
 

 In July 2002, Fierro was charged by indictment with first-degree murder and one count of use of a firearm in the commission of a felony, for the murder of her ex-husband. Pursuant to plea negotiations, the State agreed to reduce the charge to second-degree murder with a deadly weapon, which carried a minimum mandatory sentence of twenty-five years and a maximum of life in prison. § 775.087, Fla. Stat. (2002). Prior to the sentencing hearing in the case, Fierro filed an “Amended Sentencing Memorandum,” in which she articulated the State’s purported promise. As Fierro tells it, she made the agreement “so she could try her best to persuade the sentencing judge to give her no more than the 25-year minimum mandatory sentence.”
 

 There is no written confirmation of any agreement. However, the State does not deny an agreement of some nature existed. At the sentencing hearing, the State described the promise as follows:
 

 [Prosecutor]: The defense in this case has presented to Your Honor a sentencing memorandum.
 

 The [S]tate agreed, in parts of it. The way they worded it, I believe, is that we agreed to — the [SJtate has agreed to refrain from recommending a sentence greater than 25 years. That’s what was stated by the defense.
 

 Judge, the [S]tate agreed not to seek any specific sentence, and that does not
 
 *151
 
 mean that we recommend a 25 year sentence.
 

 We left this sentence up, this sentencing up to the Court, a lawful sentence in this case is 25 years to life.
 

 I’m personally remaining silent on what I felt was the appropriate sentence.
 

 And we worked out this plea arrangement so that the Defendant would have the opportunity to present what she wanted.
 

 Whatever may have been the precise contours of the plea agreement, Fierro contends she is entitled to relief on direct appeal from the sentence imposed because the prosecutor’s statements at the hearing breached the agreement. She points to two statements made by the prosecutor in support of her position. The first — made by the prosecutor at the conclusion of all of the evidence and after all family members addressed the trial judge — appears as follows in the transcript:
 

 The family, and as a Prosecutor, I feel it’s my job to come before you, to seek a just sentence, but it’s the family in this case, Your Honor, that I have come to believe, since I have done this work, that are the people who have suffered the most, and it is what they want, and what they seek as a sentence, that I hope this Court hears loud and clear.
 

 The second alleged prosecutorial transgression was made in rebuttal to a statement by defense counsel that the parties perhaps should have gone to trial. In reply thereto, the prosecutor stated that if the State had not agreed to the plea, the State would have gone to trial and argued that evidence of battered spouse defense— presented by the defendant in mitigation of her sentence — would not have been admissible before the jury. Instead, the jury would have heard that Defendant killed the victim while he was sleeping in his bed. The prosecutor then stated, “That doesn’t mean that 25 years is an appropriate sentence. That’s all I have to say.” The alleged violations of the plea agreement first surfaced in a Florida Rule of Criminal Procedure 3.800(b)(2) motion filed by Fier-ro’s appellate counsel in the trial court after she filed her notice of direct appeal.
 

 The rights of a defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue are carefully circumscribed by law and rule.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(ii). Under this Rule, a defendant may directly appeal only:
 

 a. the lower tribunal’s lack of subject matter jurisdiction;
 

 b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
 

 c. an involuntary plea, if preserved by a motion to withdraw plea;
 

 d. a sentencing error, if preserved; or
 

 e. as otherwise provided by law.
 

 Fla. R.App. P. 9.140(b)(2)(A)(ii) (emphasis added). Florida Rule of Criminal Procedure 3.170(¿) limits the time for filing a motion to withdraw plea to “thirty days after rendition of the sentence.” The defendant in this case has not sought to withdraw her plea. Although this apparently is a matter of first impression for this Court, every other court that has considered the matter has held that the proper procedure for preserving the subject claim where there has been no timely objection is by filing a motion to withdraw plea.
 
 See Balkaran v. State,
 
 950 So.2d 478 (Fla. 4th DCA 2007);
 
 Taylor v. State,
 
 919 So.2d 669 (Fla. 2d DCA 2006);
 
 Barber v. State,
 
 901 So.2d 364 (Fla. 5th DCA 2005) (“[A]n issue regarding a sentence that exceeds the terms of the plea agreement is not a sentencing error subject to relief under Rule 3.800(b).”);
 
 Williams v. State,
 
 
 *152
 
 873 So.2d 1248 (Fla. 5th DCA 2004);
 
 Williams v. State,
 
 821 So.2d 1267 (Fla. 2d DCA 2002). We join our sister courts.
 

 Fierro argues her Rule 3.800(b)(2) motion preserved her right to direct appeal. That is not so. As the Florida Supreme Court recently clarified, Rule 3.800(b)(2) is not a vehicle to correct just any error alleged to have occurred during the course of the sentencing process.
 
 See Jackson v. State,
 
 983 So.2d 562, 572 (Fla.2008). Rather, the Rule is “intended to address errors to which [a] defendant had no meaningful opportunity to object and matters that rendered the sentence otherwise subject to review under [R]ule 3.800(a).”
 
 Griffin v. State,
 
 946 So.2d 610, 613 (Fla. 2d DCA 2007),
 
 quashed in part on other grounds,
 
 980 So.2d 1035 (Fla.2008). As in
 
 Jackson,
 
 counsel here had ample opportunity to bring the purported error to the attention of the trial court. Jackson, 983 So.2d at 568 n. 2.
 

 Finally, just as Jackson’s failure to preserve the alleged error by motion under Rule 3.800(b) or by objection during the sentencing hearing precluded her from raising the error in that case on direct appeal, so too does Fierro’s failure to preserve the alleged error in this case, either by motion under Rule 3.170(Z) or by objection, foreclose her from raising the alleged error here on direct appeal.
 
 See Jackson,
 
 983 So.2d at 569.
 
 [1]
 
 To conclude otherwise would “[incent] a defendant ... to sit silent in the face of a procedural error in the sentencing process and then, if unhappy with the result, file a motion under [R]ule 3.800(b)” in contravention of the purpose and intent of the crafters of the Rule.
 
 See id.
 
 at 570;
 
 see also Griffin,
 
 946 So.2d at 613 (“[Rule 3.800(b) ] was not intended to give a defendant a ‘second bite at the apple’ to contest evidentiary rulings made at sentencing to which the defendant could have objected but chose not to do so.”).
 

 Affirmed.
 

 [1]
 

 . Fierro argues that both
 
 Santobello v. New York,
 
 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and
 
 Tillman v. State, 522
 
 So.2d 14 (Fla.1988), require a contrary result. However, in each of those cases, defense counsel lodged an objection to the plea agreement violation.
 
 See Santobello,
 
 404 U.S. at 259, 92 S.Ct. 495;
 
 Tillman, 522
 
 So.2d at 16. In addition,
 
 Tillman
 
 preceded the adoption of Florida Rule of Criminal Procedure 3.170(0-
 
 See In re Amends, to the Fla. Rules of Appellate Procedure,
 
 696 So.2d 1103, 1105 (Fla.1996).