BROWNING, J.
Jamal Kelly (Appellant) appeals the trial court’s decision to revoke his sex-offender probation without making a finding, pursuant to section 948.30(l)(g), Florida Statutes (2006), that the obscene materials, which Appellant was found to have viewed, “are relevant to the offender’s deviant behavior pattern.” Appellant’s sole ground for relief is Kasischke v. State, 991 So.2d 803 (Fla.2008), which was issued six weeks af *128 ter Appellant’s revocation hearing. Concluding that the trial court’s failure to make a determination as to whether the materials are relevant to Appellant’s deviant behavior pattern 1) was not preserved by a contemporaneous, specific objection at the revocation hearing, 2) is not a “sentencing error” cognizable in a Florida Rule of Criminal Procedure 3.800(b)(2) motion, and 3) does not constitute fundamental error, we affirm the revocation order.
In October 2006, Appellant entered a plea of no contest to three counts of an information charging lewd or lascivious molestation of a person 12 years of age or older but less than 16 years old, while Appellant was 18 years of age or older; and contributing to the delinquency or dependency of two different children. The trial court sentenced him to six months in the county jail, to be followed by three years of sex-offender probation. One of the standard conditions of Appellant’s probation (designated as Condition (40)) is taken verbatim from section 948.30(l)(g) and states:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender’s deviant behavior pattern.
The trial court heard the State’s two witnesses, two probation supervisors, who testified that at the commencement of sex-offender probation, Appellant received complete instructions regarding the conditions to which he was subject, including the proscription from viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating materials. In a periodic, previously announced visit to Appellant’s residence, an officer found several empty DVD covers on the floor beside the television in the living room and on a bookshelf in the same room. The DVD’s themselves were not found in any areas of the residence where the officers were authorized to search. The covers depict men and women engaging in various sexual acts that the trial court deemed obscene. Relying on Appellant’s testimony, defense counsel argued that the DVD covers were not Appellant’s, and that Appellant did not know of their presence on the bookshelf (which contained numerous other DVD covers of non-proscribed materials) and on the floor of the living room.
The trial court heard testimony that Appellant rented a room in the residence and shared the common living spaces with his mother, stepfather, and several siblings; that the stepfather owned the obscene DVD covers in question and kept the DVD’s secured in his bedroom beyond Appellant’s reach; and that Appellant had admitted the officers into the residence through the front door leading into the living room where the covers were found. Exercising its duty to resolve conflicts in the evidence, the trial court found that Appellant had “viewed” the empty DVD covers, which lay in plain sight on the floor beside the television in the living room and could be identified as obscene materials on first observation. Because competent, substantial evidence supports the finding that Appellant viewed these obvious obscene, pornographic, or sexually stimulating materials, we find no abuse of discretion in this determination. Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974); Varner v. State, 395 So.2d 583 (Fla. 5th DCA 1981).
At the conclusion of the revocation hearing, the trial court orally announced that the DVD covers are obscene and that the substantial, willful violation of Condition *129 (40) justified revocation of sex-offender probation. The court never addressed the qualifying language in section 948.30(l)(g) limiting the prohibition of obscene, pornographic, or sexually stimulating materials to those “that are relevant to the offender’s deviant behavior pattern.” Defense counsel never asked the court to make such a finding, nor was a contemporaneous, specific objection made at the revocation hearing when the judge announced that revocation was warranted. F.B. v. State, 852 So.2d 226, 229 (Fla.2003) (acknowledging the general “preservation” requirement to make a timely, specific objection in the trial court, except where the error is fundamental); Castor v. State, 365 So.2d 701, 703 (Fla.1978) (setting out the “contemporaneous objection” requirement and explaining the general rule that a reviewing court will not consider a point raised for the first time on appeal).
Appellant filed a notice of appeal and subsequently filed a timely rule 3.800(b)(2) motion in the trial court asserting that the recently decided opinion of the Supreme Court of Florida in Kasischke compelled the trial court to set aside the revocation order and to reinstate probation because the DVD covers depicting adult sexual acts are not “relevant” to Appellant’s particular deviant behavior, which he described as molesting an underage girl. In Kasischke, the supreme court applied the rule of lenity and held that the qualifying language relating to “relevance” in section 948.03(5)(a)(7), Florida Statutes (1999)— which was renumbered section 948.30(l)(g) — qualifies each of the prohibitions in the statute. 991 So.2d at 815. Because the trial court did not file an order ruling on Appellant’s motion within 60 days from the filing of the motion, the request for relief is considered denied pursuant to rule 3.800(b)(1)(B). Moses v. State, 844 So.2d 686 (Fla. 4th DCA 2003).
On direct appeal, Appellant essentially reiterates the argument advanced in his rule 3.800(b)(2) motion: he did not violate Condition (40), in that the DVD covers depicting various adult sexual acts are not relevant to his act of molesting an underage girl. In response, the State asserts that this specific issue is not preserved for appellate review, in that defense counsel never made a timely, specific objection at the revocation hearing when counsel had an ample opportunity to do so. Jackson v. State, 983 So.2d 562, 573 (Fla.2008).
“[Mjost trial court errors are subject to the contemporaneous objection rule.” Id. at 567-68. It is well-established that “rule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections or to substitute for ineffective assistance of counsel claims.” Id. at 573. By its express language, rule 3.800(b)(2) allows a defendant to file in the trial court a motion to correct “a sentencing error.” See id. at 565. “[R]ule 3.800(b) is intended to permit defendants to bring to the trial court’s attention errors in sentence-related orders, not any error in the sentencing process.” Id. at 572; see Saintelien v. State, 990 So.2d 494, 502 (Fla.2008) (Cantero, J., concurring in result only); Brown v. State, 994 So.2d 480, 481 (Fla. 1st DCA 2008). The alleged error about which Appellant complains relates to the sufficiency of proof that a violation of probation occurred. This is not an error “related to the ultimate sanctions imposed.” Jackson, 983 So.2d at 573; see Brown, 994 So.2d at 481. As the supreme court has made clear, referring to rule 3.800(b)(2): *130 Jackson, 983 So.2d at 573. The trial court’s failure to address and determine the issue of “relevance” is a matter to which defense counsel could have made a timely, specific objection at the revocation hearing, thereby affording the court an opportunity to rectify the purported error. Fierro v. State, 10 So.3d 149 (Fla. 3d DCA 2009). In this instance, “the interests of justice are better served by applying th[e] [contemporaneous objection] rule to challenges to the sufficiency of the evidence.” F.B., 852 So.2d at 230. Neither of the two exceptions to the “preservation” requirement explained in F.B., 852 So.2d at 230-31, applies here. Such a claim does not involve a sentencing error cognizable in rule 3.800(b)(2) and in Jackson.
*129 The rule was never intended to allow a defendant (or defense counsel) to sit silent in the face of a procedural error in the sentencing process and then, if unhappy with the result, file a motion under rule 3.800(b).
*130 Therefore, because Appellant’s claim does not involve a sentencing error, we consider it on appeal, but “only under the stringent fundamental error standard.” Jackson, 983 So.2d at 565. Appellant does not argue that fundamental error occurred, nor does the record support a finding of fundamental error in the trial court’s omission. Accordingly, we AFFIRM the revocation order. Our decision is without prejudice to Appellant’s right to seek collateral relief pursuant to Florida Rule of Criminal Procedure 3.850 in a timely motion for postconviction relief.
AFFIRMED.
HAWKES, C.J, and VAN NORTWICK, J., concur.