COHEN, J.
 

 John Diggs challenges his sentences for extortion and possession of a firearm by a felon because the trial court did not fully credit him for time served as agreed in his written plea agreement. We reverse.
 

 Diggs was charged with two counts of possession of a firearm by a felon, carrying a concealed firearm, extortion, and violat
 
 *865
 
 ing an injunction. In a written plea agreement, Diggs agreed to concurrent sentences of three years’ imprisonment for the possession of a firearm by a felon and extortion charges with 497 days credit for time served; the State agreed to nolle prosequi the carrying a concealed firearm and violating an injunction charges. The parties also agreed Diggs would be taxed costs of prosecution, payable within five years of his release.
 

 At the plea and sentencing hearing, the trial court accepted Diggs’ plea of nolo contendere and sentenced him to concurrent sentences of three years’ imprisonment and taxed costs of prosecution, payable within five years of release. However, despite agreeing to 497 day’s of credit for time served, the State argued that Diggs should not be given credit for 49 of those days. After hearing argument, the trial court agreed and reduced the credit for time served to 453 days. Subsequently, Diggs’ counsel filed a notice of appeal and Diggs, himself, filed a motion to withdraw his plea. The trial court struck Diggs’ pro se motion to withdraw his plea as a nullity because he was represented by counsel when he filed it.
 

 On appeal, as he urged in his motion to withdraw, Diggs contends the trial court erred in imposing a sentence that exceeded the terms of the written plea agreement. The State correctly argues that Diggs failed to preserve this issue because his motion to withdraw plea was invalid when he filed it while still represented. A pro se pleading filed by a defendant who is still represented by counsel is generally considered a nullity unless it asserts counsel coerced him into taking a certain action, reflects an adversarial relationship between the attorney and the client, or is accompanied by an unequivocal request to discharge counsel.
 
 Whiting v. State,
 
 929 So.2d 673, 674-75 (Fla. 5th DCA 2006). Because Diggs’ motion did not meet any of these exceptions, the trial court properly struck it as a nullity. This, however, does not end our analysis.
 

 Although Diggs’ motion to withdraw his plea was a nullity, because the face of the record reflects the merit of an ineffective assistance of counsel claim, we have the jurisdiction to consider the issue he raises on appeal.
 
 See Barber v. State,
 
 901 So.2d 364, 366 (Fla. 5th DCA 2005). In the case at bar, the State agreed to a negotiated plea agreement that credited Diggs for 497 days of time served. Despite agreeing to this express term, the State changed course and persuaded the trial court that Diggs was not entitled to the entire 497 days. Once the trial court imposed a sentence that did not comply with the negotiated plea agreement, Diggs’ counsel should have filed a motion to withdraw the plea. Instead, his counsel filed a notice of appeal and, according to Diggs, refused to file a motion to withdraw the plea. We cannot deem this refusal to be a tactical decision in this case, particularly where this issue must first be raised in a motion to withdraw to preserve it for appellate review.
 
 See
 
 Fla. R. App. P. 9.140(b)(2)(A)(ii). Consequently, we conclude that the face of the record clearly indicates an ineffective assistance of counsel claim.
 
 See Barber,
 
 901 So.2d at 366;
 
 see also Taylor v. State,
 
 919 So.2d 669 (Fla. 2d DCA 2006);
 
 Garcia v. State,
 
 981 So.2d 561 (Fla. 3d DCA 2008). We reverse and remand to allow Diggs the opportunity either to withdraw his plea or to accept the sentence as rendered.
 

 REVERSED AND REMANDED.
 

 PALMER, C.J., and LAWSON, J„ concur.