PER CURIAM.
Calvin Rhodes appeals the judgments and sentences entered pursuant to his plea of nolo contendere to charges of grand theft and burglary. He contends that the trial court erred in refusing to allow him to withdraw his plea. The record shows that the state and Rhodes entered into a plea agreement wherein, in exchange for Rhodes’s nolo contendere plea to a burglary charge, the state agreed to recommend either 24 or 30 months’ incarceration,[1] assuming Rhodes fell into the 12-30 month sentencing guidelines category. . Rhodes complied with the agreement by entering the no contest plea. A sentencing guidelines scoresheet was prepared after entry of the plea and the recommended sentencing guideline was calculated to be 2¾⅞ to 3⅛⅛ years. At the sentencing hearing, the state admitted that it had entered into a plea agreement with Rhodes wherein it was going to recommend 24 months’ incarceration, but stated that Rhodes had “absconded” prior to sentencing, and, because of that, it was changing its recommendation to the maximum time allowable by law. Rhodes then moved to withdraw his previously entered plea. The court denied the motion and sentenced Rhodes to 36 months’ incarceration to be followed by 5 years’ probation.
The court erred in denying Rhodes’s motion to withdraw his plea of nolo conten-dere. Although the court was not bound to follow the terms of the plea agreement, when it decided to impose a sentence that was not in accordance with the agreement, it was required to give Rhodes the opportunity to withdraw his plea. See Williams v. State, 541 So.2d 752 (Fla. 1st DCA 1989); Moore v. State, 489 So.2d 1215 (Fla. 2d *1324 DCA 1986). The agreement was based on the parties’ assumption that Rhodes’s recommended sentence would not exceed the expected guidelines range of 12-30 months, and the fact that a later-calculated score-sheet allowed a higher range of incarceration does not affect Rhodes’s right to withdraw his plea if the terms of the agreement are not followed. Where it is shown that a plea was based on a misunderstanding of the facts, the court should be especially liberal in exercising its discretion to permit withdrawal of the plea. Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984).
REVERSED and REMANDED.
SMITH, ZEHMER and MINER, JJ., concur.

. The record is conflicting as to whether the state agreed to recommend 24 or 30 months’ incarceration,