BOOTH, Judge.
This cause is before us on appeal from a judgment and sentence under the guidelines following a plea of nolo contendere.[1] Appellant argues, inter alia, that the trial court erred in: (1) failing to permit him to withdraw his plea after declining to accept the plea bargain agreement; and (2) assessing legal constraint points on his guidelines scoresheet for each offense he committed while on probation. We must reverse as to both issues.
Florida law requires that in the event the trial court decides not to follow a plea agreement, the court provide the defendant with the opportunity to withdraw his plea. Rhodes v. State, 555 So.2d 1323 (Fla. 1st DCA 1990); Williams v. State, 547 So.2d 1269 (Fla. 1st DCA 1989); Williams v. State, 541 So.2d 752 (Fla. 1st DCA 1989); Devard v. State, 504 So.2d 28, 29 (Fla. 2d DCA 1987). The fact that a defendant ultimately receives a sentence within the guidelines does not affect his right to withdraw his plea if the terms of the plea agreement are not followed. Rhodes, supra at 1324. Further, the court has an affirmative duty to inform the defendant of his right to withdraw his plea. Moore v. State, 489 So.2d 1215, 1216 (Fla. 2d DCA 1986). The record reflects that Judge Turner, who sentenced appellant, mistakenly believed that Judge Sirmons had already given appellant an opportunity to withdraw his plea. Due to this misunderstanding, appellant was not afforded an opportunity to withdraw his plea after the court decided not to follow the plea agreement.[2]
We must also reverse the error in the computation of the points for legal constraint under the rule of Flowers v. State, 586 So.2d 1058 (Fla.1991), and Sellers v. State, 578 So.2d 339, 340 (Fla. 1st DCA 1991). We note that the trial court did not have the benefit of these recent decisions at the time it sentenced appellant.
The judgment and sentence are, accordingly, reversed.
ZEHMER and WOLF, JJ., concur.

. Prior appeal is reported at 535 So.2d 316 (Fla. 1st DCA 1988).

. We reject appellee’s argument that Judge Turner’s presentence comment, that he understood appellant had previously been given an opportunity to withdraw his plea but that he had persisted in his plea, provided appellant with a sufficient opportunity to withdraw his plea.