624 So.2d 815 (1993)
Eric PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2109.
District Court of Appeal of Florida, Fourth District.
September 29, 1993.
*816 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Eric Payne appeals from a judgment and sentence for attempted armed robbery, armed robbery with a firearm, and two charges of felony petit theft, as he was not given the opportunity to withdraw his plea, before being sentenced in excess of a negotiated plea bargain. The greater sentence was imposed because of appellant's violation of a furlough agreement that was not part of the plea bargain. We reverse.
Pursuant to a plea agreement appellant pled guilty to the above named charges. As per the agreement, the state was to nolle pros the additional pending charges of grand theft and armed burglary of an occupied conveyance. The sentence was to consist of a classification as a habitual violent felony offender and confinement of nineteen years concurrently on the armed robbery charges, with varying minimum mandatory sentences per charge, and lesser terms to run concurrently on the remaining charges.
After the trial court discussed this negotiated plea with the appellant, but before he accepted, defense counsel told the court that appellant would be requesting a furlough, which would not be part of the plea agreement. The court agreed to a furlough, and then conducted the plea colloquy. Prior to accepting the plea, the trial court advised appellant that the furlough was not part of the plea agreement, but if he failed to appear after the furlough, he would not receive the benefit of the plea agreement and would receive an enhanced sentence (life).
Appellant requested various extensions to the furlough after which he failed to appear, and a capias was issued. As a result of appellant's failure to appear, the trial court decided that it would not impose sentence in accord with the negotiated plea bargain. Thus, after denying appellant's oral and written motions to withdraw his plea, the court imposed an enhanced sentence.
Appellant argues that the trial court erred when it did not give him the opportunity to withdraw his plea before imposing sentence in excess of the negotiated plea bargain. Under the unique facts of this case, we agree.
When a court determines prior to imposing sentence, that it cannot impose sentence in accord with the plea agreement, it must give the defendant an opportunity to withdraw his plea. Collier v. State, 590 So.2d 456, 457 (Fla. 1st DCA 1991). Thus, in those cases where a defendant requests a furlough it must be determined whether such furlough is part of the plea agreement. Where a furlough and enhanced sentence for failure to appear are part of the negotiated plea, a court is justified in imposing the enhanced sentence after the defendant fails to appear in court, without giving him the opportunity to withdraw his plea. Quarterman v. State, 527 So.2d 1380 (Fla. 1980); Fambro v. State, 581 So.2d 199 (Fla. 4th DCA), rev. denied, 591 So.2d 181 (Fla. 1991). In contrast, when an enhanced sentence for failure to appear in court at a later time is not part of the plea agreement, a court must allow the defendant an opportunity to withdraw the plea, before it imposes the more severe sentence. Edwards v. State, 576 So.2d 441, 442 (Fla. 4th DCA 1991).
At bar, before imposing the enhanced sentence, the lower court acknowledged that the furlough was not part of the negotiated plea agreement. Moreover, at the time the plea was originally taken, the lower court never expressed that its grant of a furlough was part of the negotiated plea in exchange for which the appellant must agree to a *817 stiffer sentence. Rather, both appellant's attorney and the court affirmatively stated that the plea bargain was not conditioned on a furlough. Defense counsel expressly informed the court, "a furlough is not part of this plea." This was further acknowledged by the trial court, specifically stating:
Now because its (sic) not part of the plea agreement I don't want to sit here and figure it up right now as to if Mr. Payne did not show up what would happen....
Thus, as the circuit court originally established that the furlough was not part of the negotiated plea agreement, we reverse and remand to the trial court with directions to give the appellant the opportunity to withdraw his plea should he so desire.
Appellant also argues various other points on appeal, only one of which has merit. Appellant argues and the state concedes that the sentencing forms must be corrected to conform to the trial court's oral pronouncements as to the sentences for the third degree felonies. See McBee v. State, 581 So.2d 1009, 1110 (Fla. 4th DCA 1991). Thus, we would also remand to the trial court for the purpose of making that correction.
GUNTHER, POLEN and KLEIN, JJ., concur.