682 So.2d 1151 (1996)
Derrick BRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2103.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
Rehearing Denied November 19, 1996.
*1152 Tad Kokoszka and Harley Ives Gutin of Kokoszka & Gutin, Cocoa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Briggs appeals from a judgment and sentence for trafficking in cocaine. He received a sentence of 25 years with a 15-year minimum mandatory term, which exceeded the guidelines, and which also exceeded the written plea petition proffered by him and accepted by the trial judge, at the beginning of the plea hearing. The judge explained at the sentencing hearing that he was exceeding the permissible guidelines sentence because Briggs had failed to turn himself in, after receiving a 7-day furlough following the plea hearing, in violation of his Quarterman agreement.[1] In fact, Briggs also failed to appear for his sentencing hearing and had been living in North Carolina for four years before being extradited to Florida. We affirm.
In this case, a reading of the transcript of the plea hearing convinces us that Briggs, his defense counsel, the state attorney, and the trial judge were in the process of formulating the terms and conditions of the plea agreement during the whole of the hearing, and thus the terms of the petition to enter a plea, which were accepted by the trial judge at the beginning of the hearing were not complete. When the petition was first tendered to the court, the defense counsel said the balance of the plea hearing would deal with "conditions" relating to the plea. Defense counsel and Briggs both told the trial judge that the plea was conditioned on his receiving a 7-day furlough before reporting to prison and that he would only receive a 15-year minimum mandatory sentence. These conditions were not in the plea petition.
The trial court then asked Briggs to sign a "failure to appear agreement." That document made it clear that if Briggs failed to appear from furlough, or if he did not appear for sentencing, that the court could sentence him to the statutory maximum for this offense30 years. Briggs was asked twice by the trial court whether he understood those consequences. Each time, Briggs replied: "Yes, sir." Finally, the court asked him whether he agreed to "that." He replied: "I agree to it."
The failure to appear document specifically warned Briggs that if he failed to appear for sentencing, he would breach the plea agreement and could be sentenced to the maximum time. At the bottom of the paper, a hand-written paragraph was added:
I understand and agree that if I fail to return from furlough on February 28, 1990, at Rockledge Courthouse, I will have breached my plea agreement and can be sentenced to the maximum sentence provided by law.
Briggs and his defense counsel both signed that document.
It appears to us that the failure to appear agreement signed by Briggs at the plea hearing was an essential part of the plea bargain. The plea bargain, in its entirety, is not set forth in the petition to enter a plea. As the hearing progressed, the defense requested the additional conditions of a furlough and a 15-year sentence. The court orally agreed *1153 to that. And, in almost the next breath, the court orally attached conditions to the boon of a furlough being asked by Briggs. Had Briggs and his attorney not agreed to the conditions attached to the furlough, they should have objected at that point. The timing of the court's acceptance of the plea petition before Briggs assented to the failure to appear agreement, is not determinative, when they occur so close in time as to be obviously dependent one upon the other. This scenario is not logically distinguishable from the one discussed in Quarterman.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Quarterman v. State, 527 So.2d 1380 (Fla. 1988).