901 So.2d 364 (2005)
Leon BARBER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2536.
District Court of Appeal of Florida, Fifth District.
May 6, 2005.
James S. Purdy, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Leon Barber, who appeals the judgment and sentence imposed on him after he failed to appear at sentencing, argues that the trial court erred when it sentenced him to a longer term of prison than was agreed to by the State and him in a plea bargain. Because the agreed upon sentence was not conditioned on Mr. Barber's appearance at sentencing, and because the failure of Mr. Barber's trial counsel to seek relief in the trial court amounts to an inadequacy of counsel on the face of the record, we are compelled to reverse.
Mr. Barber was initially charged with three counts of unlawful sexual activity with a 16 or 17 year old child[1] and three counts of sexual battery on a mentally defective victim.[2] The State sought to *365 have Mr. Barber sentenced as a habitual felony offender. Eventually, the State and Mr. Barber reached a plea agreement in which Mr. Barber agreed to enter a guilty plea to one count of unlawful sexual activity with a minor child and the State agreed to nolle pros the remaining charges, and recommend that he be sentenced to fifteen years incarceration in state prison as a habitual felony offender. The parties agreed that Mr. Barber would be sentenced at a later date in order to give him time to visit with his mother, and the State time to notify the victim and invite her to be present at the sentencing. Mr. Barber was then released from custody, and a sentencing hearing was scheduled. Unfortunately, however, Mr. Barber failed to appear at sentencing. He was arrested a few months later, and his sentencing was rescheduled.
The State suggested at the rescheduled sentencing hearing that the trial court impose on Mr. Barber an incarcerative sentence of up to thirty years as a habitual felony offender because of his failure to appear at the initial sentencing. Mr. Barber's counsel made no objection. The trial court then adjudicated Mr. Barber guilty and sentenced him to a term of twenty-two years incarceration with the Department of Corrections as a habitual felony offender specifically because he failed to appear at the previously scheduled date. The court also designated Mr. Barber as a sexual predator.
Mr. Barber's trial counsel did not move to have the guilty plea withdrawn. After his notice of appeal was filed, however, Mr. Barber through his appellate counsel filed a timely Rule 3.800(b)(2) motion arguing that the State had violated the plea agreement by recommending a sentence beyond the fifteen year term. The motion specifically alleged that there was no Quarterman[3] agreement between the State and Mr. Barber. The trial court dismissed the motion without considering its merits after finding that it could not review the plea and sentencing transcripts within the sixty day limitation period set forth in the rule. See Fla. R.Crim. P. 3.800(b)(1)(B); Fla. R.Crim. P. 3.800(b)(2)(B). This appeal resumed.
The transcript and the written plea agreement reflect that there was, in fact, no express agreement concerning the consequences attendant upon the failure of Mr. Barber to appear at sentencing. That is to say, neither release from custody, nor the consequences of the failure to return for scheduled sentencing were specific terms of the plea agreement. Under those circumstances, if the trial court could not honor the specified terms of the plea agreement and sentence Mr. Barber in accordance with that agreement, the court should have allowed him to withdraw his plea. See Quarterman; Bennett v. State, 858 So.2d 1251 (Fla. 5th DCA 2003); Rooney v. State, 651 So.2d 243 (Fla. 5th DCA 1995).
It appears, however, that Mr. Barber failed to use the proper method to seek relief. Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) provides that direct appeals from pleas of guilty or nolo contendere may only be taken on the basis of a violation of a plea agreement if the error is preserved by a motion to withdraw the plea. We and other of our sister courts have held that an issue regarding a sentence that exceeds the terms of a plea agreement is not a sentencing error subject to relief under Rule 3.800(b). Rather, it must be preserved through a motion to withdraw. See Williams v. State, 873 So.2d 1248 (Fla. 5th DCA 2004); Williams v. State, 821 So.2d 1267 (Fla. 2d DCA *366 2002); Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001); see also Leonard v. State, 760 So.2d 114 (Fla.2000). Gafford indicates that a motion to withdraw a plea under similar circumstances must be made pursuant to Rule 3.170(l), Florida Rules of Criminal Procedure, within 30 days after rendition of the sentence. Thus, we are faced with a circumstance where relief under Rule 3.800(b) is not directly available to Mr. Barber because his trial counsel failed to move to allow withdrawal of the plea.
This is particularly unsatisfactory in the present case because the State candidly acknowledges in its brief that "[a]ppellant should have been given the opportunity to withdraw his plea when, based upon his failure to appear for sentencing, the trial court imposed a sentence beyond the originally agreed upon fifteen years of incarceration." It suggests that we simply remand to provide Mr. Barber with the opportunity to withdraw his plea or accept the sentence. To do so, however, would offend the bounds of our jurisdiction. Still, in the interest of judicial economy, it makes no sense to affirm the judgment and sentence without prejudice to the right of the appellant to seek relief pursuant to Rule 3.850, particularly when the error is so obvious that it is conceded by the State.
One way to accomplish this result is to consider whether the failure to move to withdraw the plea at the trial level establishes on its face that Mr. Barber's counsel was ineffective. If the record on its face reflects the merit of a claim of ineffective assistance of trial counsel, then we may consider this issue on direct appeal. See Dante v. State, 30 Fla. L. Weekly D794, 2005 WL 662635 (Fla. 3d DCA Mar. 23, 2005); Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998). Surely, trial counsel did not decide as a matter of tactics that a motion to withdraw should not be filed. Given the case law in this and other districts, relief would quite certainly have been granted. We thus conclude that the record before us satisfies both prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that relief should, therefore, be afforded immediately.
Accordingly, we reverse and remand this matter to the trial court in order to allow the appellant the opportunity either to withdraw his plea, or to accept the sentence as rendered. If Mr. Barber does withdraw his plea, the State will have the option of reinstating the previously nolle prossed counts of the information.
REVERSED and REMANDED.
SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] See § 794.05(1), Fla. Stat. (2003).
[2] See § 794.011(4)(e), Fla. Stat. (2003).
[3] Quarterman v. State, 527 So.2d 1380 (Fla.1988).