950 So.2d 478 (2007)
Jagnarine BALKARAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4196.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Rehearing Denied March 30, 2007.
*479 Michael L. Cohen, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Jagnarine Balkaran, appeals the trial court's sentence of fifteen years probation, claiming it exceeds the trial court's in-court representations as to the length of the sentence he would receive if he pleaded guilty. We affirm Balkaran's sentence, but write to order a modification of a condition of his probation.
Balkaran was charged with shooting at or within a vehicle in violation of section 790.19, Florida Statutes. On the day in question, Balkaran was working at a fruit grove that he had a financial interest in, and saw two men picking fruit. Believing they were doing so without permission, Balkaran yelled at them to stop. The men got into a van and began driving through the grove, heading towards Balkaran. Balkaran tried to stop the vehicle by pointing a shotgun at the vehicle. The driver of the vehicle sped up and after the van had passed, Balkaran shot at the van, hitting the back of the van.
Initially Balkaran pleaded not guilty, but changed his plea to guilty/no contest in exchange for the prosecution agreeing to a sentence cap of one year and one day in prison. The plea agreement stated: "If court gives a sentence less than the cap  the court may impose probation and/or community control as part of sentence." At the change of plea hearing, the trial court went over the plea with Balkaran, stating:
Okay. The State said that if you entered a plea today you  the most  we wouldn't do sentencing today. We'd do sentencing in about 30 or 60 days or so. You'd come back. The most you could get is a year and a day in prison and that's the most you could get. I don't know anything about you so I have to assume I'm going to give you that, but I don't know. Maybe I'll give you less. I don't know. I have no idea `cause I don't know you, sir. Does that make sense, sir?
Balkaran agreed that it did.
At the sentencing hearing, the trial court heard testimony from character witnesses for Balkaran, as well as from the driver of the van. The trial court stated it did not want Balkaran to be in possession of a firearm for quite some time. To accomplish this, the trial court sentenced Balkaran to fifteen years probation, which Balkaran's attorney said he was willing to take. Following the entry of this sentence, Balkaran filed a 3.800(b)(2) motion, asserting that the sentence entered was drastically different than that represented by the trial court.
*480 The proper method for preserving the issue of violation of a plea agreement is the filing of a motion to withdraw a plea. Barber v. State, 901 So.2d 364, 365 (Fla. 5th DCA 2005). "[A]n issue regarding a sentence that exceeds the terms of a plea agreement is not a sentencing error subject to relief under Rule 3.800(b)." Id. at 365. "[A] motion to withdraw a plea under similar circumstances must be made pursuant to rule 3.170(l), Florida Rules of Criminal Procedure, within 30 days after rendition of the sentence." Id. at 366. Based on the in-court representation by Balkaran's counsel that the sentence was acceptable, and the fact that the sentence was not illegal, we are constrained to affirm.
However, we disagree with the trial court's restriction on Balkaran's use of his own property. As a condition of the community control and probation, the trial court refused to allow Balkaran to work in any groves or as a security officer in any fields unless he received court approval. "As a general rule, there must be a reasonable nexus between any special condition of probation and the crime committed by the offender. When a question is raised concerning the relevancy of a special condition of probation, the record must support the imposition of the condition." Saidi v. State, 845 So.2d 1022, 1027 (Fla. 5th DCA 2003) (internal citations omitted).
In this case, we find that the condition on Balkaran's use of his land is overly restrictive, unnecessary, and not supported by the record. See Saidi, 845 So.2d at 1027. There is no reason why Balkaran should not be allowed to work on his own property based on the incident in this case. Balkaran's record is free of any prior criminal activity, and the incident in this case does not support the trial court's action in restricting Balkaran's use of his land. While the restriction on Balkaran's possession of a firearm is reasonably related to the crime in this case, not allowing Balkaran to use his own land is not. We affirm Balkaran's sentence but remand to the trial court to modify the probationary conditions to allow Balkaran to work on his own property.
GUNTHER and HAZOURI, JJ., concur.