988 So.2d 1258 (2008)
Allan L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3282.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
*1259 James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant, Allan L. Smith ["Smith"], appeals his judgment and sentence on drug-related charges, objecting that he received a sentence greater than that which he agreed to in his plea agreement.
In case number CR XX-XXXXXX, Smith was charged by information with possession of cocaine with intent to sell or deliver, possession of drug paraphernalia, and resisting an officer without violence. In case number CR 06-4018, Smith was charged by information with one count of possession of cocaine. On July 31, 2007, Smith entered into a written plea agreement that specified a maximum sentence in both cases of two years as a resident of Phoenix House followed by one year of supervised probation. The criminal punishment code scoresheet reflected a lowest permissible sentence of 21.15 months and a maximum sentence of twenty-two years.
At the plea hearing, Smith's trial counsel explained to the court that a plea agreement had been reached and discussed the terms of that agreement. He then asked that sentencing be postponed for a few weeks so that Smith could put his affairs in order.[1] The trial court agreed to take Smith's plea and set sentencing for a later date. Next, the trial judge went through the plea colloquy with Smith. Smith stated that he understood all of his rights and that his plea was voluntarily entered into. The State put on the record the factual basis for the charges. The court then stated:
All right. I find that you are alert and intelligent and you understand the charges to which you are pleading to. You appreciate the consequences of entering your plea. You are doing so freely and voluntary based upon your lawyer's advice, with whom you say you are satisfied.
I find that there is a sufficient factual basis for the plea, and I accept the plea at this time.

All right. I am going to discharge your bonds, allow you to remain out of custody until August 17th at 9:00 a.m. If you fail to appear at that sentencing hearing, I can do one of two things, I can either issue a capias for your arrest or I can go *1260 ahead and sentence you in absentia without you present, is what that means, and if you fail to appear that these pleas stand but the plea agreement does not.
Do you understand that?
(Emphasis added). Smith acknowledged his understanding. The court then clarified:
So, you're  what does that mean to you; that you need to show up?
....
And if you fail to appear, I can sentence you up to 15 years in prison in the one case. Do you understand that?
Smith again stated that he understood.
Smith failed to appear at the August 17th sentencing hearing. The trial judge adjudicated him guilty, in absentia, and sentenced him to sixty months in the Department of Corrections. There was no objection from defense counsel. Smith was arrested on the outstanding capias on August 22, 2007, and was resentenced to the same sentence, nunc pro tunc.
There is a jurisdictional issue to consider because Florida Rule of Appellate Procedure 9.140(b) provides that a defendant may not appeal from a judgment entered on a plea of guilty. Appeals from guilty pleas and pleas of nolo contendere may only be taken when there is a violation of the plea agreement, if preserved by a motion to withdraw plea. Fla. R.App. P. 9.140(b)(2)(A)(ii). Here, no motion to withdraw plea was filed by Smith, but this Court has determined that, in a circumstance like this, jurisdiction may still exist where the record on its face establishes ineffective assistance of trial counsel. Barber v. State, 901 So.2d 364 (Fla. 5th DCA 2005).
In Barber, the parties reached a plea agreement in which the state agreed to recommend that the defendant be sentenced to fifteen years' incarceration in state prison as a habitual felony offender. The parties further agreed that the defendant would be sentenced at a later date in order to give him time to visit his mother and the State time to notify the victim and invite her to be present at sentencing. The defendant was released from custody until sentencing. The defendant, however, failed to appear at sentencing. Eventually, he was arrested and sentencing was rescheduled. With no objection by his trial counsel, the trial court sentenced the defendant to a greater sentence than was agreed to by the negotiated plea. The defendant did not file a motion to withdraw plea.
Despite his failure to file the appropriate motion, this court concluded that we had jurisdiction because the transcript and the written plea agreement reflected that there was, in fact, no express agreement concerning the consequences attendant upon the failure of the defendant to appear at sentencing. Neither release from custody, nor the consequences of the failure to return for the scheduled sentencing was a specific term of the plea agreement. Under such circumstances, if the trial court could not honor the specified terms of the plea agreement and sentence, the court should have allowed him to withdraw his plea. We said that the defendant's trial counsel was ineffective for failing to move to withdraw the plea.[2]
*1261 Generally, in Florida when a judge determines that he cannot honor the terms of an earlier plea bargain, the defendant must be given the opportunity to withdraw his plea. E.g., Brown v. State, 245 So.2d 41 (Fla.1971). Thus, in cases such as the present one, where a defendant requests he remain free on bond until sentencing, it must be determined whether that request is part of the plea agreement. See Payne v. State, 624 So.2d 815 (Fla. 4th DCA 1993). The supreme court held in Quarterman v. State, 527 So.2d 1380 (Fla. 1988) that, where a furlough and an enhanced sentence for failure to appear in court at a later time are part of the plea agreement, a court is justified in imposing the enhanced sentence after the defendant fails to appear in court, without giving him an opportunity to withdraw his plea. In contrast, when an enhanced sentence for failure to appear in court at a later time is not part of the negotiated plea, a court must allow the defendant an opportunity to withdraw the plea before it imposes the more severe sentence. See Henson v. State, 977 So.2d 736 (Fla. 2d DCA 2008); Payne, 624 So.2d at 816. See also Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979).
Here, the terms set out by the trial court were not part of the plea agreement. The trial court accepted Smith's plea before articulating what would occur if Smith failed to appear at sentencing. Thus, Quarterman does not control. Nor was there a subsequent agreement between the trial court and Smith that a greater sentence could be imposed if Smith failed to appear for sentencing. Compare Parker v. State, 446 So.2d 250 (Fla. 5th DCA 1984). Neither Smith nor his counsel was asked whether the risk of a greater sentence was an acceptable condition and neither expressly agreed to it. See Nesmith. Smith's acknowledgment that he understood does not constitute agreement to the terms. Thus, as in Barber, Smith should have been given the opportunity to withdraw his plea if the trial court was unwilling to abide by the terms of the plea agreement.
Accordingly, we reverse and remand for Smith to move to withdraw his plea or accept his sentence. Barber, 901 So.2d at 366.
REVERSED and REMANDED.
GRIFFIN and MONACO, JJ., concur.
ORFINGER, J., concurs in part and dissents in part, with opinion.
ORFINGER, J., concurring in part and dissenting in part.
I concur with the majority's resolution of the jurisdictional issue. However, I respectfully dissent from the majority's conclusion that Smith should be allowed to withdraw his plea instead of facing the enhanced sentence that he received when he failed to appear at his original sentencing hearing.
As the majority concludes, a furlough was not part of Smith's plea agreement with the State. However, I believe there was a subsequent agreement between the trial court and Smith authorizing a sentence beyond the plea agreement if Smith failed to appear for sentencing.
At the plea hearing, after Smith was placed under oath, in relevant part, the following discussion took place:
THE COURT: So, is he ready to plea this morning? Is that 

*1262 [DEFENSE COUNSEL]: Judge, if possible, Mr. Smith was asking for just a  a couple of weeks, he could take care of all his family obligations and then he'll be ready to check himself into jail. His wife is here. They have five children, Judge. He just wants a chance to square everything up `cause he knows he [sic] going to Ocala for a couple of years. And he knows it's an in-house program. And his wife is here in Osceola County, so, he just wanted a little bit of time to clear up some family stuff.
THE COURT: Let's  I want to take the plea this morning then and we'll set off sentencing.
[DEFENSE COUNSEL]: Okay.
....
THE COURT: Okay, I'm [sic] want to take the plea this morning, though, and we'll set off sentencing.
[DEFENSE COUNSEL]: Okay, Okay. Great.
....
And Mr.  Judge, we would ask that Mr. Smith be allowed one week to turn himself in to the Osceola County jail, so he can tie up all of his family affairs with his wife and everything.
THE COURT: I'm going to set him for a sentencing day.
[DEFENSE COUNSEL]: Okay.
THE COURT: So he's  I'm going to set it about August 17th, is that adequate? That's two weeks, a little more than two weeks.
[DEFENSE COUNSEL]: Does that give you enough time?
THE DEFENDANT: Yes, sir.
[The plea colloquy ensues.]
....
THE COURT: All right. I find that you are alert and intelligent and you understand the charges to which you are pleading to. You appreciate the consequences of entering your plea. You are doing so freely and voluntary based upon your lawyer's advice, with whom you say you are satisfied.
I find that there is sufficient factual basis for the plea, and I accept the plea at this time.
All right. I am going to discharge your bonds, allow you to remain out of custody until August 17th at 9:00 A.M. If you fail to appear at that sentencing hearing, I can do one of two things. I can either issue a capias for your arrest or I can go ahead and sentence you in absentia without you present, is what that means, and if you fail to appear that these pleas stand but the plea agreement does not.
Do you understand that?
THE DEFENDANT: I understand, your honor.
THE COURT: So, you're  what does that mean to you; that you need to show up?
THE DEFENDANT: Of course.
THE COURT: And if you fail to appear, I can sentence you up to 15 years in prison in the one case.
Do you understand that?
THE DEFENDANT: Yes, I do, your honor.
THE COURT: Okay. All right, anything further in these cases then?
[DEFENSE COUNSEL]: No, Judge. Thank you, Judge....
THE DEFENDANT: Thank you.
As the majority correctly observes, a trial court may not unilaterally impose additional conditions on a defendant after it has formally accepted the plea agreement without the acquiescence of the defendant or the defendant's counsel. Payne v. State, 624 So.2d 815, 816 (Fla. 4th DCA 1993); Pumphrey v. State, 502 So.2d 982, *1263 983-84 (Fla. 1st DCA 1987). However, additional conditions may be imposed as a valid modification of the plea agreement if ratified by the defendant's clear and unequivocal understanding and acceptance of the terms. Fambro v. State, 581 So.2d 199, 201 (Fla. 4th DCA 1991).
The case now before us seems quite similar to what occurred in Briggs v. State, 682 So.2d 1151 (Fla. 5th DCA 1996). In that case, the court accepted Briggs's plea of guilty to various charges. He was then granted a furlough and ordered to return seven days later for sentencing. When he failed to do so, the court imposed a sentence exceeding the sentence under the plea agreement. In upholding the enhanced sentence, this Court concluded that "the timing of the court's acceptance of the plea ... before Briggs assented to the failure to appear agreement, is not determinative, when they occur so close in time as to be obviously dependent one upon the other. This scenario is not logically distinguishable from the one discussed in Quarterman [v. State, 527 So.2d 1380 (Fla. 1988)]." Briggs, 682 So.2d at 1153.
Reading the plea transcript in its totality, I believe that Smith understood and accepted the conditions of his furlough, and like Briggs, the timing of the court's acceptance of the plea is not determinative. The plea hearing was a work in progress. The majority's analysis parses the proceedings too finely, placing a premium on form at the expense of substance.
NOTES
[1] His counsel stated that Appellant had a wife and five children and needed the time to clear up some "family stuff."
[2] The Second District Court of Appeal followed Barber in Taylor v. State, 919 So.2d 669 (Fla. 2d DCA 2006), and the appellate court decided the case despite the failure of the defendant to file the proper motion. Recently, the Second District said that a situation might arise where it would not be as obvious that a defendant would wish to withdraw his plea, making it difficult on the face of the record to find indisputable evidence of ineffectiveness of counsel. See Henson v. State, 977 So.2d 736 (Fla. 2d DCA 2008). However, even though the Henson court concluded that ineffectiveness was not apparent on the face of the record, it affirmed without prejudice to allow the defendant to seek to withdraw his plea by filing a motion pursuant to rule 3.850 if he desired.