*746
 
 VILLANTI, Judge.
 

 Connie Kaye Lowery appeals her five-year sentence for possession of cocaine, arguing that it violated her negotiated plea agreement. We agree. Therefore, we reverse and remand with directions that the trial court sentence Lowery consistent with the plea agreement.
 

 Lowery was charged with possession of cocaine, possession of cannabis, and possession of drug paraphernalia. On August 4, 2008, the court accepted Lowery's negotiated best interests guilty plea, which capped at eighteen months' imprisonment any sentence to be imposed for the cocaine charge.
 
 [1]
 
 At counsel’s request, the court postponed sentencing until September 17, 2008, at 8:30 a.m. Lowery was present when the court set the date and time for sentencing. However, there is no record evidence that the court discussed with Lowery the potential consequences of her failure to timely appear at sentencing or that the plea agreement contained any provision indicating that the court would not honor the sentencing cap if Lowery failed to timely appear at sentencing.
 

 As of 9:49 a.m. on the day of sentencing, Lowery was not in court, although her attorney indicated that he was waiting for her. The trial judge then, sua sponte, stated that he had warned Lowery about the consequences of her willful nonappearance at sentencing:
 

 THE COURT: I was fairly clear with Miss Lowry [sic], as I am with every man or woman that enters a plea and asking [sic] for a deferred sentencing that, indeed, if there was some willful nonappearance at court — ....
 

 [[Image here]]
 

 In any event, clearly, Miss Lowry [sic] is not here at this point.
 
 I have no information as to whether or not her nonattendance is willful and yet certainly if there’s some indication or evidence presented at some later date, I can always entertain a motion to resen-tence.
 

 [[Image here]]
 

 THE COURT: Miss Lowry [sic] just — it’s just unfortunate. I did warn her, I did tell her, and I’m certain you did, [defense counsel], as you would with every client, and have for the last almost 14 years that you’ve practiced in front of this Court ... in any event, having accepted Miss Lowry’s [sic] plea I adjudicate her guilty. I sentence her to five years Florida state prison on Count I.
 

 (Emphasis added.) The trial judge also stated that he had warned Lowery during a “frank discussion” that “this could result” and had “begged her to be here.” Neither the plea hearing transcript nor the written plea agreement contains any such warnings or discussions with Lowery; it appears that the trial court was mistaken in its recollections of this particular case. Despite the lack of record evidence about these alleged discussions between the trial court and Lowery, Lowery’s counsel agreed with the court’s comments, responding, “I was here, I remember.”
 

 The trial court sentenced Lowery in ab-sentia to the maximum possible sentence for the crime charged — five years in prison. — based on its erroneous belief that Lowery had agreed to this consequence if she willfully failed to timely appear at sentencing. Yet, the court acknowledged that there was no evidence that Lowery’s failure to appear was willful. Therefore, the court indicated that it would consider a
 
 *747
 
 motion to modify sentence if there was evidence of exigent circumstances causing Lowery’s nonappearance. Even though the court’s sentence exceeded the agreed-upon cap, about which Lowery’s counsel reminded the court at the sentencing hearing, counsel did not formally object to the harsher sentence and did not move to withdraw the plea. Instead, he immediately moved to withdraw from representing Lowery, and the court immediately granted his request.
 

 At noon that same day, Lowery appeared in court, claiming that she had been waiting outside the courtroom since 8:25 a.m. A different assistant public defender indicated that she “did talk to [Lowery] before the break.” The trial court simply responded: “[Defense counsel] was here; you weren’t here, Ms. Low-ry [sic]. Five years Florida State prison. Take her away.” Despite its prior ac-knowledgement that it had no evidence that Lowery’s nonappearance was willful and its previous commitment to reconsider her sentence if her nonappearance had been caused by exigent circumstances, the court took no evidence, refused to listen to Lowery, and made no findings regarding willfulness. As a result, Lowery now sits in prison serving the maximum sentence for possession of cocaine, a charge to which she entered a “best interests” plea. On appeal, she seeks to enforce the agreed-upon plea.
 

 The State argues that this issue was not preserved for appellate review because Lowery did not file a motion to withdraw her plea. A defendant who enters a guilty or nolo contendere plea can appeal only under limited circumstances.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(i)-(ii). One such circumstance is when the defendant has filed a timely motion to withdraw her plea based on a violation of the plea agreement.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(ii)(b);
 
 Ruff v. State,
 
 840 So.2d 1145, 1146-47 (Fla. 5th DCA 2003). However, even if the defendant fails to file a motion to withdraw the plea, the appellate court can consider a direct appeal such as Lowery’s “where the record on its face establishes ineffective assistance of trial counsel.”
 
 Smith v. State,
 
 988 So.2d 1258, 1260 (Fla. 5th DCA 2008).
 

 In
 
 Smith,
 
 the defendant entered a plea which included a sentence cap. 988 So.2d at 1259. As in this case, the court accepted Smith’s plea but postponed sentencing.
 
 Id.
 
 at 1260. When Smith failed to appear at sentencing, the court imposed a sixty-month sentence.
 
 Id.
 
 Smith’s counsel did not object to the harsher sentence.
 
 Id.
 
 On appeal, the Fifth District addressed whether it had jurisdiction to consider Smith’s appeal where he had not filed a motion to withdraw the plea. It concluded that “in a circumstance like this, jurisdiction may still exist where the record on its face establishes ineffective assistance of trial counsel.”
 
 Id.
 
 at 1260. Because Smith’s trial counsel had not filed a motion to withdraw the plea despite the court’s enhanced sentence, ineffectiveness was apparent on the face of the record.
 
 Id.
 
 The court concluded that “when an enhanced sentence for failure to appear in court at a later time is not part of the negotiated plea, a court must allow the defendant an opportunity to withdraw the plea before it imposes the more severe sentence.”
 
 Id.
 
 at 1261. Because Smith was not given that opportunity, the court reversed and remanded to allow him to withdraw the plea or accept his sentence.
 
 Id.; see also Barber v. State,
 
 901 So.2d 364, 364 (Fla. 5th DCA 2005) (“Because the agreed upon sentence was not conditioned on [defendant’s] appearance at sentencing, and because the failure of [defendant’s] trial counsel to seek relief in the trial court amounts to an inadequacy of
 
 *748
 
 counsel on the face of the record, we are compelled to reverse.”).
 

 In
 
 Taylor v. State,
 
 919 So.2d 669 (Fla. 2d DCA 2006), this court reached a similar conclusion, albeit under different facts. In
 
 Taylor,
 
 the defendant entered into a negotiated plea agreement which included three years’ probation and capped his sentence at nine months in jail.
 
 Id.
 
 at 670. The court accepted Taylor’s plea and postponed sentencing.
 
 Id.
 
 At the sentencing hearing, the defendant’s newly appointed counsel incorrectly represented to the court that Taylor had entered “a straight up plea” rather than a negotiated plea.
 
 Id.
 
 at 671. As a result, the trial court imposed a five-year prison sentence, exceeding the agreed-upon cap.
 
 Id.
 
 Yet, Taylor’s counsel did not bring the error to the trial court’s attention.
 
 Id.
 
 When Taylor filed a direct appeal without filing a motion to withdraw the plea, this court held that it could consider the error on direct appeal because the record on its face reflected ineffective assistance of counsel.
 
 Id.
 
 at 670-71. Trial counsel had provided the trial court incorrect information about Taylor’s plea agreement, and Taylor had “been obviously prejudiced by this ineffectiveness as he [was] currently in state prison instead of having already finished a nine-month county jail sentence.”
 
 Id.
 
 at 671. We reversed and remanded to allow Taylor the opportunity to withdraw his plea.
 
 Id.
 

 In this case, as in
 
 Taylor
 
 and
 
 Smith,
 
 we find ineffective assistance of counsel on the face of the record. The trial court accepted Lowery’s negotiated plea, which included an eighteen-month cap on prison time. Although the trial court apparently believed that it had postponed Lowery’s sentencing on the condition that the agreed-upon cap would not be honored if she failed to timely appear at sentencing,
 
 [2]
 
 this condition was not articulated as part of the plea. Thus, there was no agreement between the trial court and Lowery that the court could impose a greater-than-agreed-upon sentence if she failed to appear at sentencing.
 
 See Smith,
 
 988 So.2d at 1261 (noting that the trial court accepted the plea without warning the defendant of the consequences of failure to appear at sentencing and without an agreement that it could impose a greater sentence if the defendant failed to appear for sentencing). As in
 
 Smith
 
 and
 
 Taylor,
 
 the ineffectiveness of Lowery’s counsel is evident on the face of the record: he failed to formally object when the court imposed a harsher sentence, and he did not file a motion to withdraw the plea. Even though the trial court stated that it would entertain a motion to modify Lowery’s sentence based on exigent circumstances, counsel withdrew from the case without even discussing with Lowery the possibility of filing such motion. Moreover, counsel actually agreed with the court’s erroneous recollection of the plea bargain. Lowery was obviously prejudiced by this ineffectiveness, as she received the
 
 maximum
 
 prison sentence possible for the crime charged. Therefore, she is entitled to relief.
 

 While we recognize that in
 
 Taylor
 
 and
 
 Smith
 
 the district courts reversed and remanded with directions that the defendants simply be given the opportunity to withdraw their pleas, remand for enforce
 
 *749
 
 ment of Lowery’s agreed-upon plea is the appropriate remedy in this case.
 
 See, e.g., Ingmire v. State,
 
 9 So.3d 1278, 1282 (Fla. 2d DCA 2009) (reversing and remanding case with directions that defendant be sentenced according to the plea agreement);
 
 Orange v. State,
 
 983 So.2d 4, 6 (Fla. 3d DCA 2007) (ordering the trial court to sentence the defendant in accordance with plea agreement);
 
 Lee v. State,
 
 471 So.2d 195, 195 (Fla. 4th DCA 1985) (remanding case for enforcement of plea agreement where record did not contain evidence of willful failure to appear at sentencing and the only evidence on the record indicated that defendant’s failure to appear was accidental).
 

 We further note that, even if we were to accept the trial court’s statements that it had discussed with Lowery the perils of nonappearance at sentencing, our conclusion would be the same. The written plea and the plea hearing transcript clearly establish that no such discussion took place either before the plea was accepted or as
 
 part of Lowery’s plea.
 
 That only leaves the possibility that such discussion took place after the court accepted Lowery’s plea. However, merely advising Lowery
 
 after the plea agreement had been accepted
 
 that her sentence would be enhanced if she failed to appear at sentencing was insufficient to justify a sentence which exceeded the agreed-upon plea.
 
 See Smith,
 
 988 So.2d at 1261.
 

 Moreover, the trial court was required to make a factual determination as to whether Lowery’s failure to appear at sentencing was willful. “ ‘[Wjhere timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement and permit the trial court to impose some greater sentence.’ ”
 
 Robinson v. State,
 
 946 So.2d 565, 567 (Fla. 2d DCA 2006) (quoting
 
 Johnson v. State,
 
 501 So.2d 158, 160-61 (Fla. 3d DCA 1987));
 
 see also Ingmire,
 
 9 So.3d at 1281 (holding that defendant did not forfeit his right to agreed-upon sentence when evidence was insufficient to establish that he willfully failed to appear for sentencing). Here, the trial court did not give Lowery an opportunity to explain why she had failed to timely appear at sentencing, and it received no evidence and made no findings on the issue of willfulness. The record itself also contains no evidence of willful nonappearance — the only evidence of record is Lowery’s unrefuted statement that she had been in the courthouse waiting since 8:25 a.m. the morning of sentencing. In the “absence of positive evidence to establish willfulness,” reversal and remand with instructions that Lowery be sentenced according to the plea agreement accepted by the trial court is appropriate.
 
 See Ingmire,
 
 9 So.3d. at 1282 (enforcing plea agreement terms where there was no evidence that defendant’s failure to appear at sentencing was caused by anything other than human error).
 
 Cf. Garcia v. State,
 
 10 So.3d 687, 689 (Fla. 2d DCA 2009) (“[Ijf Mr. Garcia’s failure to appear is found to be non-willful, he would be entitled to the bargained-for mitigation of his sentence.”). Based upon the unusual circumstances of this case, we reverse the judgment and sentence with directions that the trial court resentence Lowery in accordance with the plea agreement.
 

 Reversed and remanded with directions.
 

 NORTHCUTT and LaROSE, JJ., Concur.
 

 [1]
 

 . The other two charges were misdemeanors, each carrying a maximum penalty of 364 days in county jail.
 

 [2]
 

 . This type of understanding is commonly referred to as a
 
 “Quarterman
 
 agreement,” for the supreme court decision which approved this practice.
 
 See Quarterman v. State,
 
 527 So.2d 1380 (Fla.1988) (affirming enforcement of plea agreement which provided for the release of the defendant between entry of plea and sentencing but allowed an upward departure sentence if defendant failed to appear at sentencing);
 
 Smith v. State,
 
 988 So.2d 1258, 1261 (Fla. 5th DCA 2008).