PER CURIAM.
 

 The defendant below, Brad Quillen, appeals the trial court’s summary denial of his motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(0. After accepting Quillen’s no contest plea pursuant to a negotiated agreement with the state, the trial court subsequently imposed a sentence far beyond that contemplated in the negotiated plea. We conclude that the trial court was required to allow Quillen an opportunity to withdraw his plea once the judge decided to enhance Quillen’s sentence beyond the terms of the negotiated plea. We further conclude that Quillen’s trial counsel rendered ineffective assistance of counsel in agreeing with the trial court’s suggestion that Quillen had previously entered into an open plea when he had in fact entered into a negotiated plea. Accordingly, we must reverse and remand for the trial court to enter an order granting the motion to withdraw plea.
 

 Quillen was charged with one count of grand theft in excess of $100,000 and entered into a written plea agreement with the state. The plea agreement stated that Quillen would plead no contest in return for a sentence of ten years of probation with a special condition that Quillen pay restitution in the amount of $100,190.27. Quillen agreed to pay the restitution with an initial payment of $30,000 at a subsequent sentencing hearing, followed by an additional $20,000 to be paid thirty days from the date of the plea agreement. Finally, Quillen agreed to pay the balance of the restitution in the form of monthly payments of $1500. The trial court set a sentencing date for approximately thirty days following Quillen’s entry of his plea.
 

 The trial court then warned Quillen, “If you don’t show up with that $30,000 in a certified check, then that will be a violation of your probation.” The trial court thereupon accepted Quillen’s plea and scheduled a sentencing hearing.
 

 Quillen did not appear at the scheduled sentencing hearing. Approximately one hour after Quillen was required to appear, defense counsel informed the trial court that he received a voicemail from Quillen explaining that his vehicle had broken down in Palm Beach County and that he would be at the courthouse by noon with the check. Nonetheless, the trial court, apparently and understandably frustrated, decided to sentence Quillen in absentia. The trial court suggested to defense counsel that Quillen had previously entered into an open plea and defense counsel incorrectly agreed with the trial court that it was an open plea. The trial court adjudicated Quillen guilty and sentenced him to twenty years in prison followed by ten years of probation, and ordered restitution of $100,190.27.
 

 Quillen was arrested two weeks later during a traffic stop and thereafter began his twenty-year prison sentence.
 

 Quillen, through his defense counsel, filed a timely motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(Z). Quillen then obtained new counsel who filed a memorandum in support of the motion to withdraw plea, arguing that the trial court was without authority to go beyond the sentence agreed upon in the negotiated plea agreement because the trial court did not warn Quillen that he would face a substantially harsher sentence for failure to appear at sentencing. Defense counsel also alleged that Quillen’s prior attorney had provided ineffective assistance of counsel by agreeing with the trial court’s suggestion that Quillen had entered into an open plea.
 

 
 *892
 
 The trial court summarily denied the motion to withdraw plea, which Quillen timely appeals.
 

 We review a trial court’s denial of a motion to withdraw plea for an abuse of discretion.
 
 Woodly v. State,
 
 937 So.2d 193, 196 (Fla. 4th DCA 2006).
 

 In a case similar to the instant matter, the Fifth District provided a useful summary of the relevant law in this area:
 

 Generally, in Florida when a judge determines that he cannot honor the terms of an earlier plea bargain, the defendant must be given the opportunity to withdraw his plea.
 
 e.g., Brown v. State,
 
 245 So.2d 41 (Fla.1971). Thus, in cases such as the present one, where a defendant requests he remain free on bond until sentencing, it must be determined whether that request is part of the plea agreement.
 
 See Payne v. State,
 
 624 So.2d 815 (Fla. 4th DCA 1993). The supreme court held in
 
 Quarterman v. State,
 
 527 So.2d 1380 (Fla.1988) that, where a furlough and an enhanced sentence for failure to appear in court at a later time are part of the plea agreement, a court is justified in imposing the enhanced sentence after the defendant fails to appear in court, without giving him an opportunity to withdraw his plea. In contrast, when an enhanced sentence for failure to appear in court at a later time is not part of the negotiated plea, a court must allow the defendant an opportunity to withdraw the plea before it imposes the more severe sentence.
 
 See Henson v. State,
 
 977 So.2d 736 (Fla. 2d DCA 2008)....
 

 Smith v. State,
 
 988 So.2d 1258, 1261 (Fla. 5th DCA 2008);
 
 see also Payne,
 
 624 So.2d at 816 (“[W]hen an enhanced sentence for failure to appear in court at a later time is not part of the plea agreement, a court must allow the defendant an opportunity to withdraw the plea, before it imposes the more severe sentence”).
 

 In the instant case, Quillen’s written plea agreement required that he appear at the sentencing hearing with a $30,000 check. The plea agreement did not, however, authorize or otherwise contemplate a harsher sentence if Quillen failed to comply with that term of the plea agreement. In fact, the plea agreement made no reference to the consequences of Quillen’s failure to attend the sentencing hearing or bring a $30,000 check with him. Further, the trial court did not provide a sufficient warning to Quillen at the change of plea hearing to put him on notice that his failure to appear could result in a sentence outside of that contemplated in the plea agreement.
 
 [1]
 

 Therefore, when the trial court decided to impose a much harsher sentence that went beyond the terms of the negotiated plea agreement, it was required first to provide Quillen an opportunity to withdraw his plea. The trial court did not do so and instead sentenced Quillen in absen-tia and then denied his timely motion to withdraw plea.
 

 
 *893
 
 The trial court’s errors are compounded by defense counsel’s error. When the trial court suggested at the sentencing hearing that Quillen had entered into an open plea at the change of plea hearing, defense counsel agreed — and it must be noted that the state said nothing to correct this misapprehension. Even if Quillen had not filed a motion to withdraw plea, defense counsel’s ineffective assistance, which the record reflects on its face, would still have compelled us to reverse to give Quillen an opportunity to withdraw his plea.
 
 See Barber v. State,
 
 901 So.2d 364, 366 (Fla. 5th DCA 2005) (“If the record on its face reflects the merit of a claim of ineffective assistance of trial counsel, then we may consider this issue on direct appeal.”);
 
 see also Taylor v. State,
 
 919 So.2d 669, 670-71 (Fla. 2d DCA 2006) (holding that trial counsel’s statement to the trial court that the defendant had entered into a “ ‘straight up’ plea” when he had in fact entered into a negotiated plea constituted ineffective assistance of trial counsel).
 

 Thus, we reverse and remand with instructions that the trial court enter an order granting Quillen’s motion to withdraw plea.
 
 [2]
 

 Reversed and remanded with instructions.
 

 MAY, C.J., STEVENSON and CIKLIN, JJ., concur.
 

 [1]
 

 . Although the trial court advised Quillen at the change of plea hearing that his failure to appear at the sentencing hearing with a $30,000 check would constitute a "violation of [his] probation,” this statement presented a logical impossibility. Quillen's probation could not exist until imposition by the trial court at the sentencing hearing. Furthermore, even if the trial court had stated that Quillen’s failure to appear at sentencing would constitute a violation of his plea agreement, that statement would also fail to provide a proper warning of the consequences of Quillen’s failure to appear.
 
 See Russell v. State,
 
 645 So.2d 1087, 1088 (Fla. 4th DCA 1994) ("Additional conditions may be imposed as a valid modification of the plea agreement, however, only if ratified by defendant’s clear and unequivocal understanding and acceptance of its terms.”).
 

 [2]
 

 . Ordinarily, when a defendant successfully appeals a sentence for improperly exceeding the terms agreed to in a negotiated plea agreement, courts reverse and remand for the defendant to have the opportunity to withdraw his or her plea, should he or she choose to do so.
 
 e.g., Smith,
 
 988 So.2d at 1261;
 
 Barber,
 
 901 So.2d at 366;
 
 Payne,
 
 624 So.2d at 817. This is because the error stems from the trial court’s failure to provide the defendant an opportunity to withdraw his or her plea. However, in the instant case, because Quillen has already filed a motion to withdraw plea, which was denied, it is obvious that he desires to withdraw his plea.