EVANDER, J.
Patrick Silfran appeals from the denial of his motion to withdraw plea.[1] The record reflects a series of procedural irregularities and a failure of defense counsel to timely object to same with the result that Silfran received a sentence that was inconsistent with statements made by the trial court and counsel at the plea hearing. To avoid a manifest injustice, we conclude that ineffective assistance of counsel is evident from the record and, accordingly, direct the trial court to vacate Silfran’s judgment and conviction, and afford him the opportunity to withdraw his plea. See Barber v. State, 901 So.2d 364, 366 (Fla. 5th DCA 2005) (if record on its face ra- *928 fleets the merit of claim of ineffective assistance of trial counsel, then appellate court may consider issue on direct appeal).
Silfran was charged with dealing in stolen property.[2] At his scheduled plea hearing, the State advised the trial court that if Silfran deposited $3,000 toward restitution that day, it would recommend a twenty-seven-month prison sentence. At that point, the trial court suggested its intent to impose a twenty-four-month community control sentence instead of prison. The State then informed the trial court that it was uncertain as to the exact amount of restitution to be sought and a discussion ensued as to whether to postpone the plea and sentencing until all parties were aware of the exact amount of restitution being sought.
After having the opportunity to discuss the matter with his counsel, Silfran decided to enter a plea that day. The trial court accepted Silfran’s plea and inexplicably, without objection, sentenced Silfran to thirty years in prison. The trial court explained to Silfran and counsel that it would schedule a sentence modification hearing. If Silfran failed to appear for the modification hearing, the thirty-year sentence would remain in effect. If Silfran appeared, the trial court indicated its intent to modify the sentence to one imposing community control. Indeed, the trial court indicated that if Silfran paid the entire amount of restitution during the first year of community control, it would “let him out” of his second year of community control. Based on its understanding that Silfran would be making a $8,000 restitution payment that day, the trial court entered a restitution order purporting to make restitution “a condition of pre-sen-tencing release.”
Silfran duly appeared at the scheduled modification hearing. His counsel advised the trial court that Silfran had attempted to make a $8,000 restitution payment through the clerk’s office, but the clerk had refused payment because of a purported deficiency in the trial court’s restitution order. Counsel further represented that Silfran again had the $3,000 with him and was prepared to make a restitution payment that day. The State did not dispute defense counsel’s representations. Although the trial court entered an amended restitution order, no additional effort was made to ensure that the clerk’s office would accept Silfran’s tendered payment. Instead, the trial court continued the modification hearing to a later date.
At the rescheduled modification hearing, Silfran appeared with a different attorney. (It appears from the record that the “new” attorney was an assistant public defender who was merely covering the hearing for Silfran’s assigned attorney.) The State informed the trial court of its intent to present evidence that Silfran had been arrested on new charges and that any monies that Silfran may have paid (or attempted to pay) toward restitution were likely from an illegal source. Having just learned of the new charges and the State’s intent to seek a harsher sentence, defense counsel moved for a continuance. The trial court summarily denied the continuance request, permitted the State to present the testimony of the detective who had conducted the investigation leading to Silfran’s new charges, and then imposed a five-year prison sentence followed by fifteen years’ probation. Based on the prosecutor’s representations, the trial court also entered a $23,662.08 restitution order against Silfran.
Subsequent efforts by Silfran to withdraw his plea or to have his sentence *929 reduced were unsuccessful, and this appeal ensued.
We cannot help but be troubled by the events that occurred below. It appears that at the time Silfran entered his plea, all participants had a general understanding that if Silfran paid $3,000 toward restitution through the clerk’s office, he would receive a community control sentence. Instead, without objection from counsel, a thirty-year sentence was initially imposed.
Furthermore, it appears that Silfran attempted to promptly make the $3,000 restitution payment but, through no fault of his own, the clerk’s office refused to accept payment. The record reflects that defense counsel’s efforts to address with the trial court the apparent “disconnect” between the restitution order and the clerk’s office were de minimis. It seems likely that if arrangements had been made to ensure that the clerk’s office would accept Sil-fran’s $3,000 tender, Silfran would have received a community control sentence at the initially scheduled sentence modification hearing — a sentence that would have been consistent with the trial court’s statements during the plea hearing.
Finally, we are troubled by the trial court’s refusal to grant a continuance at the rescheduled modification hearing where defense counsel had just learned of the State’s intent to seek a harsher sentence based on information that defense counsel had not had the opportunity to investigate.
Given the aforesaid procedural irregularities[3] and the instances of ineffective assistance of counsel apparent from the face of the record, we direct the trial court to vacate Silfran’s judgment and sentence and afford him the opportunity to withdraw his plea.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. By separate order, we granted Silfran’s petition for belated appeal.

. § 812.019(2), Fla. Stat. (2008).

. We would observe that the procedural irregularities arising in this case could largely have been avoided if the trial court had accepted the plea, set sentencing for a later date, and released Silfran pursuant to a Quar-terman agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988).