DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MELISSA ANNE LAGASSE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1144

_____

June 25, 2025

Appeal from the Circuit Court for Manatee County; Frederick P. Mercurio, Judge.

Blair Allen, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Nicole Rochelle Smith, Assistant Attorney General, Tampa, for Appellee.

SMITH, Judge.

Appellant Melissa Anne Lagasse failed to appear at sentencing and was sentenced above the agreed-upon cap in accordance with her *Quarterman*[1] agreement.  She challenges her sentence, arguing that the

---

[1] *Quarterman v. State*, 527 So. 2d 1380 (Fla. 1988); *see also* *Norman v. State*, 43 So. 3d 771, 773 (Fla. 2d DCA 2010) ("A classic

trial court erred in imposing the harsher sentence because it failed to make findings that her failure to appear was willful.  Ms. Lagasse does not dispute that she did not file a motion to withdraw her plea and concedes that her counsel "did not make a formal objection to the increased sentence."  Instead, Ms. Lagasse argues that this court should treat the lack of objection as ineffective assistance of counsel on the face of the record and entertain her challenge on direct appeal, citing *Lowery v. State*, 22 So. 3d 745, 747 (Fla. 2d DCA 2009) (stating, where the appellant argued on direct appeal that the trial court erred revoking an agreed-upon sentencing cap based on his failure to appear at sentencing without making findings that the failure to appear was willful, but where appellant did not move to withdraw his plea, that "the appellate court can consider a direct appeal such as Lowery's 'where the record on its face establishes ineffective assistance of trial counsel' " (quoting *Smith v. State*, 988 So. 2d 1258, 1260 (Fla. 5th DCA 2008))).  We disagree and affirm the sentence.

Several years after *Lowery*, the Florida Supreme Court, in *Steiger v. State*, 328 So. 3d 926, 929 (Fla. 2021), held that "unpreserved claims of ineffective assistance of counsel cannot be raised or result in reversal on direct appeal" absent a showing of fundamental error.  Our court in *Melendez v. State*, 339 So. 3d 498, 501 (Fla. 2d DCA 2022), acknowledged that *Steiger* foreclosed the avenue used in prior cases such as *Lowery* to challenge violations of plea agreements without filing a motion to withdraw the plea.  Because Ms. Lagasse did not lodge any

*Quarterman* agreement is made when a defendant agrees to a 'specific sentence with the caveat that the trial court could impose any greater lawful sentence if he or she' does not appear at sentencing." (quoting *Neeld v. State*, 977 So. 2d 740, 743 (Fla. 2d DCA 2008))).

2

objection in the proceedings below regarding the trial court's lack of willfulness findings, *see Cruz v. State*, 303 So. 3d 285, 286 (Fla. 5th DCA 2020) (holding that the defendant was required to object to the lack of willfulness findings at the sentencing proceedings below in order to preserve the challenge for appeal), and in the absence of any claim of fundamental error, we affirm the sentence. Affirmance is without prejudice to any right Ms. Lagasse may have to raise her claim of ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850.

Affirmed.


LABRIT, J., Concurs.
ATKINSON, J., Concurs in result only.

_____

Opinion subject to revision prior to official publication.